SAMUEL R. BEARCE & another *vs.* GEORGE W. BOWKER.

Suffolk. November 14, 1873. ENDICOTT & DEVENS, JJ., absent.
March 13. — May 5, 1874. COLT & ENDICOTT, JJ., absent.

If trial by jury is waived pursuant to the Gen. Sts. c. 129, § 66, the court should render a judgment and not a verdict.

The Superior Court has no authority to report to this court any case which is heard by that court without a jury.

A. agreed to furnish B. with lumber, and without any authority from B. ordered the lumber of C., representing himself as B.'s agent. C. sent the lumber to B. with a bill in which C. was named as seller, and B. as buyer. B. retained the lumber and did not notify C. that he was buying the lumber of A. *Held,* in an action by C. against B. for the price of the lumber, with a count in tort for the conversion, that B. was liable.

CONTRACT for goods sold and delivered with a count in tort for the conversion of the same goods. Trial in the Superior Court without a jury, before *Rockwell,* J., who, by consent of parties, reported the case to this court, stating that he " made a verdict for the plaintiffs " for a certain amount, and giving the grounds of his finding and his rulings.

*C. W. Turner,* for the plaintiffs.

*A. Russ,* for the defendant.

GRAY, C. J. This report is quite irregular. The statutes provide that when trial by jury is waived, " the cause shall thereupon be heard and determined by the court, and judgment entered as in the case of verdict by a jury." Gen. Sts. c. 129, § 66. The finding or determination of a court can only be expressed by an order or judgment. None but a jury can render a verdict. In the present case, the learned judge before whom the trial was had, according to his own statement, " made a verdict," but entered no judgment, and reported the case to this court. Questions of law, arising in a civil action, may be brought by report from the Superior Court to this court, either " after verdict," or, by consent of parties, " before verdict." Gen. Sts. c. 115, § 6. St. 1869, c. 438. But when the parties have agreed to waive the only mode of trial upon which a verdict can be rendered, the Superior Court has no authority to send the case up by report, but should finally dispose of the case so far as that court is concerned, leaving any party aggrieved to seek his remedy by bill of

exceptions, or, if the facts have been agreed in a case stated by the parties and thus made part of the record, by appeal. Gen. Sts. *c.* 115, § 7 ; *c.* 129, § 66 ; *c.* 114, § 10. *Lincoln* v. *Parsons*, 1 Allen, 388. *Commonwealth* v. *Gloucester*, 110 Mass. 491. *Furlong* v. *Leary*, 8 Cush. 409. The consent of parties cannot enable this court to take jurisdiction of a question brought before it in a manner which the law does not authorize.

*Report dismissed.**

Judgment was then given in the Superior Court for the plaintiffs, on the following agreed facts, and the defendant appealed to this court :

" The plaintiffs, residents of Maine, are engaged in the business of sawing and selling lumber at Lewiston, Maine, and the defendant is a builder in Boston. The defendant had a contract to build a store in Boston. He had known Walter S. Tribou, of Boston, as a dealer in lumber, and had dealt with him as such, and had often purchased lumber of him, but had no knowledge of the plaintiffs. In August, 1871, the defendant made a contract with said Tribou to furnish him with the lumber for the said building. At that time, Tribou was furnishing the defendant with lumber for other jobs, and was indebted to the defendant. Tribou agreed with the defendant to furnish him with the lumber required for said store at twenty-one dollars per M., delivered at the store. This was at the rate of twenty dollars per M., delivered at the depot in Boston, the price being one dollar for hauling from depot to store, and twenty dollars was the market rate and

---

* A similar decision was made in Middlesex, January, 1874, in the case of JAMES HOGAN & another *vs.* WILLIAM H. WARD & others.

The case was heard in the Superior Court on a motion to accept the award of referees to whom the case had been submitted. *Wilkinson*, J., denied the motion, and reported the case at length for the consideration of this court.

GRAY, C. J. This question is not properly before this court. It could only be brought here by appeal or exceptions after a final decision in the Superior Court. The authority of that court to send up cases by report is limited to hose which are to be, or have been, tried by a jury. Gen. Sts. *c.* 114, § 10 *v.* 115, §§ 6, 7; St. 1869, *c.* 438. *Bearce* v. *Bowker, ante*, 129.

*Report dismissed.*

G. W. *Norris*, for the plaintiffs.
L. H. *Wakefield*, for the defendants.

price of such lumber at Boston at said time. The defendant made this bargain with Tribou as a lumber merchant, and made the purchase of him the same as he had previously bought of him, and as he bought of other lumber dealers. Said Tribou then, without any authority or knowledge of the defendant, applied to the plaintiffs at Lewiston, and contracted with them to furnish said lumber at twenty dollars and fifty cents per M., delivered at depot in Boston. Tribou represented that he was buying the lumber for the defendant, and directed the plaintiffs to charge it to the defendant, and to draw upon the defendant at sight for it, upon the delivery of the lumber according to a schedule then furnished. The plaintiffs, knowing the defendant by reputation as a builder in good standing, and ascertaining his credit to be good, entered the schedule upon their order-book, under the defendant's name, and proceeded to furnish and forward the lumber according to the schedule, sending the same to Boston, directed to the defendant, by car-loads, from Sept. 5, to Sept. 26, 1871, until the whole was sent, and charged the same in their books to the defendant, as it was sent, and forwarded bills of each car-load to the defendant, made out to the defendant as each car was sent. The whole amount sent under said schedule was received and used by the defendant, he paying the freight on the same; but the defendant has never paid the plaintiffs for any part of said lumber. On the receipt of the first of said bills by the defendant, he called on Tribou, and asked him what it meant, stating that he did not know the plaintiffs, and never bought any lumber of them, and should pay no attention to their bill. To which said Tribou replied that it was all right, and he would fix it all right. No further attention was paid to it by the defendant until he received a letter from the plaintiffs that they were about to draw upon him for the amount of the lumber, when he again called on Tribou, and told him he had received a draft, but should give no attention to it; to which Tribou made the same reply as before. The plaintiffs gave Tribou no credit for any part of the lumber."

*A. Russ*, for the defendant, cited *Hills* v. *Snell*, 104 Mass. 173; *Vincent* v. *Cornell*, 13 Pick. 294.

*C. W. Turner*, for the plaintiffs.

AMES, J. Upon the case as presented, it appears that the plaintiffs forwarded the lumber to the defendant as the purchaser,

charging him with the price, and expecting to look to him alone for the payment. They made no sale to Tribou, and he had neither title, possession, right of possession, nor any of the ordinary *indicia* of ownership. They merely took the order from him, without intrusting him with any control or duty in reference to the subject matter. He had no authority to sell the property as his own, or to make use of it in the payment of his own debts. Having no title or appearance of title himself, he could give none to the defendant. So far as the defendant claims to hold the property by virtue of a sale from Tribou, he holds in violation of the plaintiffs' right, and they have a right to consider such holding as an unlawful conversion, and to maintain an action accordingly. *Stanley* v. *Gaylord*, 1 Cush. 536. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. *Chapman* v. *Cole*, 12 Gray, 141. *Gilmore* v. *Newton*, 9 Allen, 171.

It appears also that whenever any of the lumber was forwarded, it was accompanied with a bill, in which the defendant was charged as the purchaser directly from the plaintiffs. If his purpose was to purchase of Tribou, and not of the plaintiffs, he should then have notified them accordingly, and refused to receive the lumber on any other terms. Instead of so doing, however, he received and appropriated the lumber, with notice that the plaintiffs intended to rely upon him for payment, and without giving them any reason to suppose that he objected to their view of the case. He on his part appears to have relied upon Tribou's assurance that he would " fix it all right," — an expression which apparently means that Tribou would pay the bill himself or in some other mode indemnify the defendant. By remaining silent till the whole quantity had come to his hands, the defendant impliedly ratified the purchase which Tribou had made on his behalf. In either aspect of the case, we think plaintiffs are entitled to prevail.                    *Judgment for the plaintiffs affirmed.*