### HEMAN PARISH v. CHESTER S. MOREY.

*Replevin from a bona fide purchaser.*

Replevin lies to recover from even a *bona fide* purchaser property which had been taken by the latter's vendor without the consent or authority of the owner.

Case made from Kent. Submitted January 29. Decided April 8.

REPLEVIN by Parish against Morey for a stallion bought by him from one Butler who obtained it from Parish by

fraud and force.    The court below tried the case without a jury and found that Parish had agreed to sell the horse to Butler for $275.  The negotiation took place at the stables of J. M. Kennedy, and after the contracting. parties had tried the horse, he was unhitched and left standing until one of the stablemen brought a halter and took him to a stall behind the stables.   A bill of sale was then drawn up but not delivered, Parish saying he would hold it until he got his money.    Butler proposed that they go to the bank for the money.   They went together to a place called the "Arcade," where Butler left Parish waiting for a space, and then returned and asked to look at the bill of sale.   Parish handed it to him and he looked it over and pronounced it correct, and handed Parish a roll apparently of bills.    Parish unrolled it and found it to consist of a few bills and a past due promissory note of about $200 made by him to another person in payment for intoxicating liquors.  Parish immediately refused to receive the roll, and thrust it into Butler's vest and demanded back his bill of sale. Butler said, "I have got your bill of sale and here is your note," but Parish mistaking the note for the bill of sale snatched it, though when he saw what it was, he threw it on the ground.   It was picked up and returned to Butler, who went to Kennedy's stables and took the horse away to another town where he afterwards delivered it to Morey, to whom he had meanwhile sold it. The court below found that Morey was a purchaser in good faith for a valuable consideration and gave judgment for him.

*Taylor & Eddy* for plaintiff.

*Clay & Parish* for defendant.

GRAVES, J.    Under pretense of bargaining with the plaintiff to buy his horse and by means of fraud and trick, one Butler got into his hands a formal bill of sale

together with the horse, and immediately sold the latter to the defendant who purchased in good faith. The defendant refused to give up the property, and the plaintiff brought replevin.

In hearing the case the judge sat without a jury, and after finding the facts, gave judgment thereon for the defendant. The determination comes before us on a case. According to the state of facts it is too plain to excuse difference of opinion that no contract of sale was consummated between Butler and the plaintiff, and that the latter never delivered the bill of sale or gave possession of the horse, or lost control of him except through the former's act of force committed against the plaintiff's remonstrance. The facts are so conclusive that Butler was a mere wrong-doer, and acquired no shadow of right, that defendant's counsel confines his defense of the judgment to the claim that the finding is not sufficient to warrant a judgment for the plaintiff, and this ground is taken on the assumption that Butler received the horse from Kennedy who had lawful possession, and that nothing appears to repel the presumption that Kennedy acted by authority in giving possession.

It is a sufficient answer to say that the effect of the finding is that Parish never gave up control or authorized Kennedy or any other person to meddle with the horse, and that Butler "*took*" him, and did not *receive* him from Kennedy. See *Trudo v. Anderson*, 10 Mich., 357; *Pease v. Smith*, 61 N. Y., 477; *Bearce v. Bowker*, 115 Mass., 129; *Cundy v. Lindsay* (H. L.) 38 L. T. R. (N. S.), 573.

The judgment must be reversed, and one entered here for the plaintiff with costs of both courts.

The other Justices concurred.