# Cauley *versus* Pittsburgh, Cincinnati & St. Louis Railway Company.

1. In an action by a boy seven years of age against a railroad company to recover damages for an injury alleged to have been occasioned by the negligence of defendant's servants, plaintiff offered to prove that he being in company with some older boys playing upon a flat car loaded with sand which stood upon a switch of the defendant's railroad on the outskirts of a city, the said car was shifted by defendant's servants to another switch a few yards distant, and that while said car was in motion, defendant's servants by threats compelled the plaintiff and his companions to jump off, in doing which plaintiff fell and was run over, receiving the injury, to recover damages for which suit was brought. *Held*, that conceding that the plaintiff had not been guilty of contributory negligence, the offer entirely failed to show any negligence on the part of the company defendant, and that, therefore, the evidence was rightly excluded.

2. An offer to prove that the car was at the time the plaintiff was forced to jump therefrom in the above case, in rapid motion, was held to have been rightly refused, as it was a physical impossibility that the car could have attained rapid speed in being moved from one switch to another only a few yards distant.

3. An offer to prove an improbable thing must be received. But an offer to prove a fact which can only exist by the suspension of natural laws, does not come within this rule.

4. Cauley *v.* Pittsburgh, Cincinnati & St. Louis Railway Company, 14 Norris 398, reiterated.

October 7th 1881. Before SHARSWOOD, C. J., MERCUR, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. GORDON, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county :* Of October and November Term 1881, No. 180.

Case, by John H. Cauley, a minor, by his father and next friend John Cauley, against the Pittsburgh, Cincinnati and St. Louis Railway Company, to recover damages for an injury to

plaintiff, alleged to have been caused by the negligence of the defendant company's servants.

The plaintiff's father brought an action at the same time against the same defendant, to recover damages for the loss of his son's services, &c. Both cases resulted in judgments for the defendant.

One writ of error was taken to the supreme court in both cases, which was quashed, on the ground that a separate writ should have been taken in each case. The facts of the case, the rulings of the court below, the arguments of counsel and the opinion delivered by Mr. Justice PAXSON, quashing the writ of error but expressing an opinion on the merits of the cases, will be found reported in 14 Norris 398. The record in both cases was remitted to the court of Common Pleas. Subsequently the plaintiff took the present writ, assigning the same errors as upon the first writ of error.

*A. M. Watson,* for plaintiff in error.

*Hampton and Dalzell,* for defendant in error.

Mr. Justice PAXSON delivered the opinion of the Court January 3d 1882.

This case has been twice argued. There were two suits brought against the defendant company to recover damages for the injuries complained of; one by the father, in his own right, the other, which is the present case, by the boy who was injured. They were argued together, and the writ in each case quashed, for the reason that but one writ was issued to bring up the two cases. As they were fully argued we deemed it proper to express our opinion upon the merits. No fault was found with our view of the case in which the father sued in his own right, but as to the present case the learned counsel for the plaintiff was of opinion that we had not given due consideration to the distinction which exists between children and adults in the matter of contributory negligence. A second writ of error was accordingly sued out, and was heard at the last term in the western district.

A re-consideration of the case, aided by the second argument, has failed to satisfy us of any error in the former opinion. The distinction referred to was not lost sight of. It is true we did not discuss it then, nor do we propose to do so now, for the reason that, conceding all that is claimed for it, no negligence was shown or offered to be shown, on the part of the defendant company. All the conductor did was to order the plaintiff off

[Cauley *v.* Pittsburgh, &c. Railway Co.]

the car. This was his duty to do. The boys were trespassers, and their removal from the car was not in itself a cause of complaint. Was there anything in the manner of their removal which would render the defendant company liable in damages? The plaintiff was not thrown off. He was not touched by the conductor or any railroad employe. He was told to get off a sand car which was being shifted from a siding to a switch a few yards distant. Had the conductor any reasonable ground to believe when he told the boys to get off that any of them would be injured in doing so? Before the company can be held liable it must appear that the injury to the plaintiff was the natural and probable result of the conductor's order: such a consequence as he might and ought to have foreseen at the time: Hoag *v.* The Railroad Company, 4 Norris 293. A sand car is a low flat from which an ordinary boy between seven and eight years of age can jump with perfect safety. If, as was alleged, and offered to be shown, the plaintiff was frightened at the order he received, it is difficult to perceive how such fact can impute negligence to the defendant. If the brakeman approached the boys in a manner indicating an intention of enforcing the conductor's orders, it only shows they had refused to comply with his previous request. It was urged, however, and there was an offer to prove, that the car was going at " a rapid rate of speed " when the plaintiff was told to get off. As a general rule, when an offer of evidence is rejected, we must assume the facts to be as stated in the offer. But in the present instance the plaintiff's own statement of his case shows this portion of the offer to have been a physical impossibility. The history of the case, which we have a right to assume to be correct, contains this statement : " On the 20th of September 1879, John H. Cauley, the minor son of John Cauley, and of plaintiff in this suit, about 9 o'clock A. M., in company with a number of small boys but little older than himself, were playing on a car laden with sand, upon a side track of defendant's road, which car formed part of a·train that the defendant's employés, under the direction of one of the freight conductors in charge, were shifting, in order to run the same upon a switch a few yards distant. These boys had been playing upon this sand car, and after the train began to move towards the switch with increased speed, the conductor ordered them to get off the car." That this sand car, in being shifted from a side track to a switch but a few yards distant, could acquire a " rapid rate of speed," is such a physical impossibility as to render the use of those words in the offer of no significance. An offer to prove an improbable thing must be received, but an offer to prove a fact which

[Robb's Appeal.]

can only exist by the suspension of natural laws does not come within the rule.

From the best consideration we can give this case we are of opinion the judgment must be                         Affirmed.

TRUNKEY and STERRETT, JJ., dissented.

# Robb's Appeal.

98   501
183  610

98        501
22 SO  ¹248

1. A widow cannot testify in support of claims against her husband's estate, with regard to confidential communications made by him to her. She may, however, testify in such case, with regard to ordinary business transactions and conversations in which others have participated.

2. Where a claim for wages is presented by a domestic servant against the estate of a decedent, the widow of the decedent is a competent witness to testify as to conservations between her husband, herself and the claimant, which resulted in the contract of hiring.

3. Where the findings of fact upon which decrees either of the Orphans' Court or of the Common Pleas are based, are not especially assigned as error, they are not reviewable by the Supreme Court.

October 7th 1881.   Before SHARSWOOD, C. J., MERCUR, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.   GORDON, J., absent.

APPEAL from the Orphans' Court of *Allegheny county :* Of October and November Term 1881, No. 121.

Appeal of John Robb and others, brothers and distributees under the intestate law, of David Robb, deceased, from the decree of the said court dismissing their exceptions to the adjudication in the matter of the distribution of the balance appearing on the account of Jane Robb, widow and administratrix of the said decedent.

Before the auditor, Mary Steen, a sister of the accountant, presented a claim of $1,582 for wages as a domestic servant from October 1st 1870, until the death of the decedent, September 10th 1877.   She alleged an express contract of hiring made by the deceased at the rate of $3 per week, afterwards increased to $3.50 per week.   The claimant proved the performance of services during the time named, and that they were worth at least $3.50 per week.

In order to prove the alleged express contract, the claimant called as a witness Jane Robb, the widow and administratrix, who was objected to as incompetent to testify against the estate of her deceased husband.   Objection overruled.   Exception. The witness testified that at the time Mary Steen was employed by her husband, she was living with a Mrs. Dean in Allegheny,