# Baltimore and Ohio Railroad Co. *versus* Schwindling.

1. A boy of between five and six years of age went for his own amusement solely, upon the open platform of a railroad station and took his stand upon the edge thereof in order to observe an approaching train. As the train came up it ran alongside the platform at the rate of three or four miles an hour, and an iron stirrup or step which was bent and projected outward some few inches from the car, caught the boy and knocked him under the wheels inflicting serious injuries. In an action by the boy against the railroad company to recover damages for his injuries : *Held*, that under the circumstances the company owed him no duty to protect him against an accident occurring from such a cause and that therefore there was no evidence of negligence to go to a jury.

2. Gillis *v.* Pennsylvania R. R. Co., 9 P. F. S. 141, followed.

3. The fact that the plaintiff in the above case was a child of tender years did not alter the duty of the railroad company to him in the premises and therefore render said company liable to him.

October 10th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county* : Of October Term 1882, No. 70.

Case, by William Schwindling, a minor, by his next friend Peter Schwindling against the Baltimore and Ohio Railroad Co. to recover damages for injuries to plaintiff alleged to have been caused by the negligence of defendant's servants.

On the trial, before COLLIER, J., the following facts appeared : Plaintiff, who was at the time of the accident between five and six years of age, lived with his parents at Osceola, a small station on the line of the defendant company's railroad. On the day of the accident plaintiff's two older brothers were sent by their mother across the railroad track to a store to make certain purchases. Finding the storekeeper busy they went upon the platform of the railroad station, which was on the same side of the track as the store. They then found that plaintiff had followed them and was standing upon the edge of the platform nearest the track looking at an approaching train. One of them called to him to step back, but he refused to do so. The approaching train had been cut some distance from the station, and the detached part ran upon the track immediately adjoining the station at the rate of about three or four miles an hour. Plaintiff, according to the testimony on his behalf, was caught by a projecting stirrup or step of one of the cars which was bent outward and was in consequence thrown under the cars, receiving the injury complained of.

Defendant adduced evidence to show that none of the train-men noticed the plaintiff until after the accident. It also proved that the cars had been examined after the accident and were found to be in perfect order. It also adduced some evidence showing that plaintiff, with his brothers and other boys, were amusing themselves by jumping on and off the moving train when the accident happened and that the same was caused by plaintiff missing his hold. This was, however, denied by the plaintiff.

Defendant requested the court to charge that under the evidence the verdict should be for the defendant, and that there was not sufficient evidence of negligence on the part of the defendant to entitle the plaintiff to recover. The court, however, refused so to charge and directed the jury, inter alia, as follows :

" The defendants set up a defence which, if believed, will defeat a recovery, although the plaintiff is a child. They deny in the first place that there was any permissive use, as it is called, of the tracks and platform ; they deny that they knew that people were in the habit of crossing there ; they say that the child was on the platform as a trespasser, that he had no right there ; that the platform was for the purpose of accommodating passengers who were arriving and departing, and for people having business with the company ; that the plaintiff was there unlawfully, and that even if he were not there unlawfully, he was trying to get on the cars when in motion, was catching hold of them as the train moved, and while so doing slipped and fell and received the injury. If that is the case, the plaintiff cannot under any principle of law or honesty recover in this action. If you find the theory set up by the defence to be correct and sustained by the testimony, unpleasant as it may be to our feelings, the defendant company would not be liable unless they were guilty of some gross or willful negligence. For instance, if the train-men saw the boy there and could have stopped the train easily and went on and ran over him that would be a willful act, but there is nothing of that kind in this case.

" The whole case turns on how you find the facts. If you believe the theory of the plaintiff, that is, if you believe the defendant did not exercise ordinary care, that is, such care under the circumstances as an ordinarily prudent man would exercise, it would be negligence on the part of the company ; but if the company did all that could be done under the circumstances, did what a reasonable man under such circumstances would do, it is all that is necessary. If the people on the car could not have stopped the train—and it is very plain to me from the evidence they could not—and were exercising ordinary care,

[Baltimore, &c. R. R. Co. *v.* Schwindling.]

the plaintiff cannot recover. Then, too, if the lad was a trespasser on the company's platform, he cannot recover. On the other hand, if you believe the theory of the plaintiff that there was a want of ordinary care under all the circumstances, the plaintiff can recover."

Verdict and judgment for the plaintiff in the sum of $2,000. Defendant thereupon took this writ assigning for error, inter alia, the refusal of the court to charge the jury that under the evidence defendant was entitled to a verdict.

*Johns McCleave* and *George Shiras, Jr.* (with whom were *Henry M. Hoyt, Jr.*, and *Welty McCullough*), for the plaintiff in error.—There can be no such thing as negligence without a corresponding breach of duty: Swan *v.* North British Australasian Co., 31 L. J. R. (N. S.) Exch. 437. Plaintiff not being on the defendant's platform on business or in the capacity of a passenger but simply for his own gratification had no right to any care on the part of the defendant except to refrain from willfully and wantonly injuring him : Gillis *v.* Pennsylvania R. R. Co., 9 P. F. S. 141; R. R. Co. *v.* Bingham, 29 Ohio St. 364 ; Harris *v.* Stevens, 31 Vt. 90. A mere licensee has no right upon the premises on which he intrudes and there can therefore be no correlative duty: Both *v.* Smith, 7 H. & N. 745. The doctrine laid down above has been frequently applied: Sweeney *v.* Old Colony R. R. Co., 10 Allen 372; Hounsell *v.* Smyth, 7 C. B. N. S. 731; Gautretl *v.* Egerton, L. R. 2 C. P. 371; Macnmer *v.* Carroll, 46 Md. 193; Hargreaves *v.* Deacon, 25 Mich. 1; Harrison *v.* N. E. R. R. Co., 29 L. T. N. S. Exch. 844 ; Morrisey *v.* Eastern Railroad Co., 126 Mass. 377 ; R. R. Co. *v.* Goldsmith, 47 Ind. 43; Illinois Central R. R. Co. *v.* Godfrey, 71 Ill. 500; Hughes *v.* Macfie, 2 Hurl. & Colt. 747 ; Phila. & Reading R. R. Co. *v.* Hummel, 8 Wright 375 ; Moore *v.* Pennsylvania R. R. Co., 11 W. N. C. 310 ; Phila. & Reading R. R. Co. *v.* Heil, 5 W. N. C. 91; Clark *v.* Phila. & Reading R. R. Co., 5 W. N. C. 119.

*M. Swartzwelder* and *Frank Thomson*, for the defendant in error.—Negligence cannot be imputed to a child of tender years : Raauch *v.* Lloyd, 7 Cas. 370; Nagle *v.* Allegheny Valley R. R. Co., 7 Norris 35 ; Hestonville & M. P. R. R. Co. *v.* Connell, 7 Norris 524.

It is not conceded that a party is only responsible for willful and wanton negligence to a trespasser, especially when that trespasser is a child of tender years: Lynch *v.* Nurdin, 41 E. C. L. R. 422 ; Daley *v.* Norwich & Worcester R. R. Co., 26 Conn. 591; Phila. & Reading R. R. Co. *v.* Spearin, 11 Wright 307;

Penna. R. R. Co. v. Lewis, 29 P. F. S. 44; Kay v. Penna. R. R. Co., 15 P. F. S. 269.

Duties grow out of circumstances, the authorities tell us, and that which in one case would be an ordinary and proper use of one's rights, may, by a change of circumstances, become negligence and a want of due care: Reeves v. Del. L. & W. R. R. Co., 6 Cas. 461; Phila. & Read. R. R. Co. v. Spearen, 11 Wright 305; Smith v. O'Connor, 12 Id. 222; F. & B. Turnpike Co. Phila. & Trenton R. R. Co., 4 P. F. S. 350; Phila. & Reading R. R. Co. v. Troutman, 11 W. N. C. 453; I. C. R. R. Co. v. Harmer, 72 Ill. 349

The question of negligence was properly for the jury: Kay v. Penna. R. R. Co., 15 P. F. S. 269; Goshorn v. Smith, 11 Norris 438; Phila. City Pass. R. R. Co. v. Henrice, 11 Norris 431; Penna. R. R. Co. .v Fortney, 9 Norris 323; Penna. R. R. Co. v. Morgan, 1 Norris 134; McKee v. Bidwell, 24 P. F. S. 223.

Mr. Justice GREEN delivered the opinion of the court, November 20th 1883.

At the time the plaintiff received his injury he was standing on the platform of the defendant, so close to its edge that, according to the theory upon which the case was tried for the plaintiff, he was struck by a slight projection from the side of a passing freight car. He was not a passenger, he had no business of any kind with the defendant or any of its agents or employees, in fact he was a boy about five or six years of age amusing himself, looking at the moving train. He was not invited upon the platform by any agent of the defendant, and he was not engaged in the act of crossing either the track or the platform, at the time of the accident. He was simply loitering upon the edge of the platform with no other purpose or motive than his own personal enjoyment. His elder brother, his principal witness, testified that he told him to come back from where he was standing but he refused to do so. A passing car moving at a very slow rate of speed, not exceeding three or four miles an hour, with an iron step projecting a few inches from the side of the car, (as alleged by the plaintiff, though denied by the defendant) struck him and pulled him from the platform under the wheels of the car so that he was run over and injured. In these circumstances was there any right of recovery? We think clearly not. We held in the case of Gillis v. Pennsylvania R. R. Co., 9 P. F. S. on p. 141, that, "The platform of a railroad company at its station or stopping-place is in no sense a public highway. There is no dedication to public use as such. It is a structure erected expressly for the accommodation of passengers arriving and departing in the train. Being unenclosed, persons are al-

lowed the privilege of walking over it for other purposes but they have no legal right to do so." . . . . " Still even a trespasser on the land of another can maintain an action for a wanton or intentional injury inflicted on him by the owner." Again, on p. 143. " The plaintiff may not have been technically a trespasser. The platform was open ; there was a general license to pass over it. But he was where he had no legal right to be. His presence there was in no way connected with the purposes for which the platform was constructed." . . . " As to all such persons to whom they stood in such a relation as required care on their part, they were bound to have the structure strong enough to bear all who could stand on it. As to all others they were liable only for wanton or intentional injury. The plaintiff was on the spot merely to enjoy himself, to gratify his curiosity or to give vent to his patriotic feelings. The defendant had nothing to do with that." Upon the foregoing principles, and upon the authority of many adjudicated cases cited in the opinion, and which it is therefore not necessary to review here, it was held there could be no recovery although the platform was insufficient to bear the weight of the persons who were upon it. It was conceded that there would have been a right to recover if the persons on the platform had been there as passengers or upon business connected with the defendant. In the latter case there would have been a violation of a duty owing by the defendant to the plaintiff. But there was no such duty because of the absence of the relation and hence there was no right of action. The controlling feature of the inquiry in all such cases is, was there a duty to the plaintiff which was violated by the defendant. If there was not there is no legal liability. This was essentially the distinction on which Railroad *v.* Hummel, 8 Wr. 375, was decided. On p. 379, STRONG, J., said : " Yet a jury cannot hold parties to a higher standard of care than the law requires, and they can not find anything negligence which is less than a failure to discharge a legal duty. If the law declares, as it does, that there is no duty resting upon any person to anticipate wrongful acts in others, and to take precautions against such acts, then the jury cannot say that a failure to take such precautions, is a failure in duty and negligence." . . . . " Blowing the whistle of the locomotive, or making any other signal, was not a duty owed to the persons in the neighborhood, and consequently the fact that the whistle was not blown, nor a signal made, was no evidence of negligence."

It will be perceived that it is entirely immaterial, in solving this question, whether the person injured is an adult or a child.

There is no question of contributory negligence involved in the inquiry, or essential to its consideration. If the defendant

did not owe the duty of protection against the injury suffered in the particular case, the omission to furnish such protection is not negligence, and there is no liability on that ground. Take the present case as an illustration. The only duty which is, or can be, claimed as having been violated, was a duty to protect the plaintiff, when standing upon the edge of the defendant's platform, from injury from a car step projecting a few inches beyond the side of a slowly passing car. But how can any such duty arise out of such circumstances? The plaintiff had no right to place himself in the position in which it was possible for him to be injured in such a manner, and the defendant was not bound to take precaution against such injury.

It is not denied that this would be true if the plaintiff were an adult, how then can it be otherwise than true as to a child. The absence of duty is precisely the same in either case, and the consequent absence of liability must be the same in both. It is quite true that young children can recover for injuries in circumstances in which adults cannot. But even children can not recover unless there is negligence, and there can be no negligence without a breach of duty. In Kay v. Pennsylvania R. R. Co., 15 P. F. S. on p. 276 we said: "If there be no negligence on the part of the company then the incapacity of the child creates no liability, and its injury is its own misfortune which it must bear." In Phila. & Read. R. R. Co. v. Spearin, 11 Wr. 300, when a child five years old suddenly ran across the track in front of an approaching engine and was struck and injured we said on p. 303: "The engine in this case having safely passed the crossing appropriated to travelers, the engineer was under no duty to suppose any one would attempt to cross the track suddenly right in front of the engine. He had a right to suppose a clear track, and was not guilty in failing to use precaution where he had no reason to expect interruption." In Hargreaves v. Deacon, 25 Mich. 1, the court said, the plaintiff being a child of tender years, "We have found no support for any rule which would protect those (child or adult) who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience, in no way connected with business or other relations with the occupant." In Morrisey v. Eastern Railroad Co., 126 Mass. 377, the action was brought by a child four years of age who was injured while playing upon the track of the defendant. The court said, "the plaintiff at the time of the accident was a mere intruder and trespasser upon the railroad track. No inducement or implied invitation to him to enter upon it had been held out. He was neither a passenger, nor on his way to become one, but was there merely for his own amusement, and was using the track for a playground. The defendant corporation owed him no duty,

[Baltimore, &c. R. R. Co. v. Schwindling.]

except the negative one not maliciously or with gross and reckless carelessness to run over him."

In Gillespie v. McGowan, 4 Out. 144, we held that the owners of unenclosed lots in Philadelphia owed no duty of protection even to children against the danger of falling into an open well on the premises, although the field in question was crossed by frequented paths and used as a place of resort by children and adults. In Moore v. Phila. & Read. R. R. Co., 11 W. N. C. 310, we held there could be no recovery for the death of a boy ten years of age who was struck by an engine while walking on and along the track, on the ends of the crossties. We said, " The circumstance that the trespasser in this instance was a boy ten years of age can not affect the application of the rule. The defendant owed him no greater duty than if he had been an adult." In the case of Phila. & Read. R. R. Co. v. Heil, 5 W. N. C. 91, a child four years of age was struck, as it was claimed, by the projecting axle-box of a car, which extended one foot six inches beyond the outside of the rail, and three inches over the line of the street curb. He was on the public street-walk, where he had a right to be, but he was so close to the car that he was struck, as was supposed, by the projecting axle. We held that there was no sufficient evidence of negligence in these circumstances to submit the case to the jury. The cases of injuries to persons while crossing the track at permissive crossings are not analogous, and have no application. When the right to cross at a particular place is established, by permission or otherwise, the duty of ordinary care is incumbent upon the company. But in the present case the plaintiff was not engaged in the act of crossing the track or even the platform when he was injured, and therefore the cases on this subject are not in point. Upon the whole case we discover no evidence of any breach of duty owing by the defendant to the plaintiff, there was no pretence of wanton injury, and therefore the first and second points of the defendant should have been affirmed.

Judgment reversed.