198    166
201    59

## Enright *v.* Pittsburg Junction Railroad Company.

198     166
e205    263

198     166
f 210    633

198     166
29 SC   238

198     166
f221     466

*Negligence—Trespasser—Child of tender years.*

A child of tender years, who while trespassing on a freight train is frightened by the shouts and threatening action of a brakeman, while in the discharge of his duties, so that he jumps from the train while it is in rapid motion, and is injured, may recover damages from the railroad company for the injuries sustained. Cauley v. Pittsburg &c. Ry. Co., 95 Pa. 398, and 98 Pa. 498, overruled.

Argued Oct. 24, 1900. Appeals, Nos. 99 and 100, Oct. T., 1900, by plaintiffs, from order of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 363, refusing to take off nonsuit, in case of Patrick Enright in his own right, and Joseph Enright by his father and next friend, Patrick Enright, v. The Pittsburg Junction Railroad Company. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

The facts are fully stated in the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Horace J. Miller* and *T. T. Donehoo*, for appellants.—The defendant company owed a duty to the plaintiff : Biddle v. Hestonville, etc., Ry. Co., 112 Pa. 551; Pittsburg, etc., Ry. Co. v. Caldwell, 74 Pa. 421; Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 522; Arnold v. Penna. R. Co., 115 Pa. 135; Barre v. Reading City Pass. Ry. Co., 155 Pa. 170; Bastian v. Phila., 180 Pa. 227.

This case is almost identical with the case of Levin v. Second Avenue Traction Co., 194 Pa. 156.

*Johns McCleave*, for appellee.—The facts of this case bring it within several decisions made by this court which the court below was bound to follow, and did follow in granting the nonsuit: Flower v. Penna. R. Co., 69 Pa. 210; Cauley v. Pittsburg, etc., Ry. Co., 95 Pa. 398; Baltimore & Ohio R. R. Co. v. Schwindling, 101 Pa. 258.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1901 :

Joseph Enright, a boy of ten years, in company with two other boys boarded a freight train on defendant's road while it was standing at the foot of Fortieth street in the city of Pittsburg on the afternoon of September 5, 1897. They got on a Pittsburg & Western iron flat car, located about the

middle of the train.   A Baltimore & Ohio engine pulled the
train and an engine of the defendant company pushed it.   A
brakeman saw the boys get on the train, but at that time did
not offer to put them off.   The destination of the boys was
Schenley Park, to see the goat races.   After the train had
stopped at the foot of Fortieth street long enough to attach
the pushing engine, it started south in the direction of the
park.   When it emerged from the tunnel at or near the park,
Joseph's companions jumped off.   The train then was going
pretty fast and for that reason the boy did not wish or intend
to attempt to get off.   At that time the brakeman, who was on
the train and two cars from Joseph, waved a stick and hallooed
at him, " Here comes the detective."   The boy being fright-
ened by the conduct of the brakeman, left the car on which he
was riding and got on the bumper between it and the car next
in front of it.   After he did so the brakeman again waved his
stick at him and hallooed, " Here comes a detective."   The boy
then through fear attempted to get off the train while it was
moving rapidly, and, falling under the wheels of the car on
which he had been riding, was seriously injured.   His right leg
was taken off and his left leg was badly lacerated.

Such briefly stated are the facts of this case as disclosed by
the testimony.   The learned judge of the court below granted a
compulsory nonsuit and subsequently refused to take it off for
the reason, as stated in his opinion, that " this case is ruled by
the case of Cauley v. Pittsburg, etc., Railway Co., 98 Pa. 498."
We must, therefore, assume that the court below held that the
action of the brakeman resulting in the injury of Joseph En-
right was not negligence for which the defendant company was
liable.

The liability of the defendant in this action depends upon
the question whether it owed a duty of ordinary care and
prudence to the plaintiff's son under the circumstances of the
case and whether it exercised such duty.   If no obligation of
that character rested upon the defendant, then it is exonerated
from any liability for the action of its employee in causing the
boy to place himself in a perilous position which resulted in his
injury.

The testimony, which we must assume to be true, establishes
the fact that the boy was frightened by the brakeman so that

he attempted to get off the train before he otherwise would have done so. The defendant's employee, therefore, while in the line of his duty, caused the boy to make an attempt to leave the train while it was moving rapidly. This act occasioned the injury to the plaintiff's son. Was it negligence? The solution of this question will determine the correctness of the judgment of the court below.

If the position assumed by the court and urged by the appellee's counsel be correct, then a railroad company owes no duty whatever to a person of any age who enters upon one of its trains as a trespasser. The company under such circumstances may with impunity at any time eject a person from a train at the peril of life and limb. Its employee may throw the trespasser from the train, though death necessarily results from his action. The child of tender years, whose discretion cannot protect him, as in this case, who has entered its train with the knowledge and without objection of the brakeman, may be cast from the train with impunity while its rapid speed insures the greatest danger. Such is the logical conclusion from the ruling of the court below.

We cannot assent to a doctrine fraught with so much danger to the public and with so little regard for the rights of the individual. As said by Mr. Justice GORDON in Biddle v. Hestonville, etc., Pass. Ry. Co., 112 Pa. 551, it "would so illy accord with Christian civilization as to render its maintenance impossible." It cannot be supported by reason; it ignores a duty owed by a man to his fellow-man in civilized society; it repudiates an obligation resting alike upon the individual and the corporation.

The plaintiff's son was a trespasser upon the defendant's train. He had no right to be there and the brakeman would have been justified in expelling him. The defendant owed no duty to carry him in safety to his destination or to surround him with safeguards to protect him from falling from the train while in motion. He was not a passenger nor entitled to protection as such. The defendant was not required to stop its train to permit him to alight, nor to run the train at any particular speed to suit the boy's convenience or for his safety. No duties of this character devolved upon it. But conceding this to be true, it does not follow that the defendant by its em-

ployees could eject the boy from the train or cause him by fright or fear to leave the train while in rapid motion so as to endanger his life. The child being on the train and it running at a rapid speed, it became the duty of the defendant and its employees not to eject him. This duty arose from the circumstances. The failure to observe it was "a want of ordinary care under the circumstances," which is negligence. The brakeman knew the train was in motion and hence saw the danger which must result from his conduct if the boy attempted to leave the train. His act was done, therefore, with full knowledge of the peril in which it placed the child. Consequently the defendant through its employee disregarded a plain duty which resulted in the painful and serious injury of the plaintiff's son.

The simple proposition to be determined here is the right of the defendant by its employee to endanger the life of a child of tender years by compelling him to alight from a freight train while it is moving at a rapid speed. The boy was not injured by reason of the dangerous position in which he placed himself, but because of the careless and reckless act of the brakeman in causing him to alight while the train was in motion. The cause of the boy's injury, therefore, is directly attributable to the negligent act of the defendant's employee in frightening him so that he attempted to quit the train in the face of imminent danger. We think the defendant company was negligent and should answer for its conduct.

This position is sustained by many decisions of this court. In Biddle v. Ry. Co., supra, Mr Justice GORDON, delivering the opinion, says: "That the defendant's driver or conductor was grossly negligent in compelling a child of twelve years of age to jump; and that backwards, from the platform of a moving car, no one can well deny. . . . It was a mistake to hold that because the child was a trespasser it could therefore be ejected in a manner which endangered its life or limbs. In the case of Penna. Co. v. Toomey we held, per Mr. Justice MERCUR, that such a disposition of a trespassing adult could not be allowed, and that ordinary care must be used to avoid injury even to a trespasser is fully established by the cases of Penna. R. Co. v. Lewis, 79 Pa. 33, The Hydraulic Works Co. v. Orr, 83 Pa. 332 and The Phila. & Reading R. R. Co. v. Hummell, 44 Pa.

375." In Arnold v. Penna. R. Co., 115 Pa. 140, it is said: "But the second rule to which we have adverted is that even a trespasser cannot be ejected from a train without a reasonable regard for his safety. This rule as stated by Mr. Justice HUNT, in the case of the Sioux City & Pacific R. R. Co. v. Stout, 84 U. S. 657, is as follows : Whilst a railway company is not bound to the same degree of care in regard to mere strangers who are unlawfully upon its premises that it owes to a passenger, it is nevertheless not exempt from responsibility to such strangers for injuries arising from its negligence or from its tortious acts. And this same doctrine has been approved by our own authorities (citing them). If then, we assume that the plaintiff was a trespasser, still the defendant had a duty to perform with reference to his safety which it was not at liberty to neglect, hence, the court erred in directing a nonsuit." In Barre v. Reading City Pass. Ry. Co., 155 Pa. 173, the court says: "Assuming, as a fact, the defendant's allegation that plaintiff was a trespasser, that would not justify the driver in removing her, from the rapidly moving car, so forcibly and with such utter disregard for her personal safety. If the testimony was believed—as it must have been—by the jury, the driver was fully aware of the plaintiff's situation and how she was sustaining herself, and he could not have been ignorant of the fact that she was a child of tender years. Knowing all this he was at least bound to exercise such care, in putting her off, as not to endanger her life or limbs. Even trespassers are entitled to humane consideration ; but plaintiff's youth exempted her from the charge of being a trespasser in the legal significance of the word."

The learned counsel for the appellee contends that the facts of this case bring it within the decisions of the court in Flower v. Penna. R. Co., 69 Pa. 210, Balt. & Ohio R. R. Co. v. Schwindling, 101 Pa. 258, and Cauley v. Pittsburg, etc., Ry Co., 95 Pa. 398. It is therefore necessary to refer to these cases briefly and see what they decide.

In Flower v. Penna. R. Co., a boy, who was standing on the platform of a water tank, was requested by the fireman, who was acting as temporary engineer, to put in the hose and turn the water on the engine tank. He climbed up the side of the tender to put in the hose, and as he did so, some detached freight cars

belonging to the train ran down without any brakeman and struck the car behind the tender driving the tender and engine forward. The boy fell from the tender and was killed. In the opinion of the court, by Mr. Justice AGNEW, it is said that the case turned "wholly on the effect of the request of the fireman, who was temporary engineer, to put in the hose and turn on the water." It was, therefore, held that it not being in the scope of the engineer's or fireman's employment to ask any one to come on the engine, the defendant was not liable. In Balt. & Ohio R. R. Co. v. Schwindling, a boy of five or six years went upon the platform of a railroad station for his own amusement, and while standing on the edge of the platform, looking at an approaching train, was struck and injured by an iron step which was bent and projected a few inches from the car of a passing train. The boy was told to step back from the position he occupied on the platform, but he refused to do so. Upon the authority of Gillis v. Penna. R. Co., 59 Pa. 141, it was held that under these facts there could be no recovery, and that "the controlling feature of the inquiry in all such cases is, was there a duty to the plaintiff which was violated by the defendant. If there was not there was no legal liability."

We think it apparent that the two cases just referred to do not sustain the contention of the appellee. The facts clearly distinguish them from the one at bar.

It must be conceded that Cauley v. Pittsburg, etc., Ry. Co., supra, supports the position of the appellee. It was before the court twice and is reported in 95 Pa. 398, and 98 Pa. 498. Both opinions were written by the same justice and from both judgments two justices dissented. The opinion in the first report of the case is broader and goes much further than the syllabus, in which there is nothing that conflicts with the views expressed in this opinion. The second opinion reiterates the views enunciated in the first opinion. We have examined carefully the decisions of this court cited in both opinions, and are convinced that they do not sustain the conclusion of the court on the facts disclosed in the Cauley case. We do not think the doctrine announced in the opinions filed in that case is supported by reason or authority, and in so far as it conflicts with the views herein expressed, the case is overruled.

It follows that the learned judge of the court below was in error in withdrawing the case from the jury, and hence the assignments of error must be sustained.

The judgment is reversed and a procedendo awarded.