RAMÍREZ, PLAINTIFF AND APPELLANT, *v.* AMERICAN RAILROAD
COMPANY OF PORTO RICO, DEFENDANT AND APPELLEE.

## APPEAL from the District Court of Mayagüez in An Action for Damages.

No. 1288.—Decided December 16, 1915.

CARRIER—TRESPASSER—EJECTION OF TRESPASSER—NEGLIGENCE—WILFUL, RECK
LESS OR WANTON MISCONDUCT.—A carrier has the legal right to eject a trespasser and no liability will attach to such carrier where the ejection is effected
in a proper manner and at a proper place by the use of only such force as is
necessary for that purpose, for the carrier owes to a trespasser no other duty
than to refrain from injuring him through negligence or misconduct so gross
as to be deemed wilful, reckless or wanton.

ID.—ID.—DEGREE OF CARE.—A greater degree of care is imposed upon a carrier
when the trespasser is an infant of tender years, for the conduct of the carrier
might be wanton with regard to a child of tender years when it would not
be so with a youth in command of his physical forces or a healthy adult.

ID.—ID.—TRAIN IN MOTION—THREATENING GESTURES.—The mere fact that a train
is in motion does not make the conduct of the conductor in requiring a trespasser to alight grossly negligent or wanton, and the fact that he makes
threatening gestures in doing so does not in itself create liability when the
trespasser is ordered to alight from a slowly moving train.

ID.—ID.—WANTON ACTS—BURDEN OF PROOF.—A conductor may compel a trespasser to alight from a slowly moving train when there is nothing exceptional
within the prevision of the conductor to make such expulsion wanton, and
the burden is on the plaintiff to show that the conductor was wanton in
expelling him.

The facts are stated in the opinion.

*Messrs. José Sabater* and *Augusto Malaret* for the appellant.

*Mr. F. G. Pérez Almiroty* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case, a suit for damages based on the alleged wrongful conduct of the servant of the defendant, the trial court
in its opinion found that the complainant, without the express
or tacit consent of the defendant, had taken a seat in one of
the cars of a freight train of the defendant used to transport
cane; that there were other persons who had done the same
thing; that the conductor, looking for trespassers to clear
the train of them, ran across the complainant and ordered
him to get off the car, threatening him with an uplifted piece

of sugar cane; that the complainant obeyed the order and jumped or let himself drop from the car to the ground, and in doing so slipped or in some manner lost control of himself and fell in such a way that a leg passed under the wheels of the train which at that moment was moving slowly; that the foot of the trespasser was so badly injured that it had to be amputated above the ankle; that the complainant was a trespasser and the speed of the train was not so rapid that damage to the complainant could reasonably have been apprehended; and that under these conditions the court concluded that the conductor had a right to expel the complainant from the train.

The proof also shows that the complainant and several younger boys boarded the train and that when ordered off by the conductor the other boys all alighted in safety ahead of complainant. The complainant was sixteen years old and able-bodied.

The appellant concedes, following 5 R. C. L. 745, Tit. Carriers, that it is the legal right of a carrier to eject trespassers and that no liability will attach to such carrier where the ejection was effected in a proper manner and at a proper place, and that a carrier also may eject from its premises, using only such force as is necessary for that purpose, any person having no business there. It is insisted, however, that the appellant was a minor and that the threatening attitude of the conductor caused the boy to jump from the moving train with the result that might have reasonably been foreseen.

Thompson, in his work on Negligence, sec. 3303, Vol. III, 2nd Edition, points out that the weight of authority is that the carrier owes to a trespasser no greater duty than to refrain from injuring him through negligence or misconduct so gross as to be deemed willful, reckless or wanton. The rule, as a matter of pure law, is the same with regard to adults and children (Thompson sec. 3310), but a greater degree of care is imposed upon a carrier when the infant is of

tender years, generally under the age of fourteen. *Doggett* v. *Chicago B. & Q. R. Co.*, 13 L. R. A. (N. S.) 371, reviewing the jurisprudence in the opinion and foot notes. In other words, that the conduct of the carrier might, depending upon circumstances, be wanton with regard to a child of tender years when it would not be so with a youth in command of his physical forces or a healthy adult.

It is also well settled that the mere fact that the train is in motion does not make the conduct of the carrier in requiring a trespasser to alight grossly negligent or wanton. *Bolin* v. *Chicago, etc., R. R. Co.*, 81 A. S. R. 911, 924, a case of a child trespasser. Here again the circumstances control.

If a conductor has a right to order a person to alight from a slowly moving train, the fact that he made threatening gestures does not in itself attach a liability upon the carrier. It is held that a person of ordinary and not of tender years may interpret the threat as he would the command.

*Bjornquist* v. *Boston & Albany R. R. Co.*, 115 Mass. 130, was a case where a freight train was moving very slowly without an engine and the brakeman ordered a boy of eight and a quarter years who was stealing a ride, to jump off under a threat of "Get off there or I will break your neck." The court, conceiving that there might readily be circumstances where a brakeman might be held not to have exercised due care toward one so young, held that the omission in this case fell short of the recklessness which was equivalent to a willful wrong. The court analyzed the threat and held under the circumstances that it was not wanton.

In *Planz* v. *Boston & Albany Railroad Co.* 17 L. R. A. 835, the trespasser was an adult who got on the train while it was moving slowly, but who got off when the train was moving at a greater rate of speed, under the threat of a brakeman, "Get off or I will throw you off," delivered with a club uplifted. The case turns, as do most of the reported cases in this field, on the doctrine of contributory negligence and whether such contributory negligence is overcome by the wanton

act of the carrier or its servant. The trespasser could have kept away from the brakeman for a while and the case depends on that point very largely, but the court drew attention to the fact that it was not as if the trespasser had been put off the moving train by use of physical force when it was moving rapidly.

Mr. Justice Holmes in *Mugford* v. *Boston & Maine R. R. Co.* 173 Mass. 10, delivered the opinion of the court, holding that there was not sufficient evidence of breach of duty on the part of the defendant in a threat to a boy of eleven years who had deliberately boarded a train in motion and was ordered off by a brakeman on top of the car and coming down with his hand uplifted. The plaintiff was not allowed to recover.

In *Powell* v. *Erie R. Co.,* 1 Am. & Eng. Annotated Cases, 774, the plaintiff, an able-bodied man of about twenty-one years, undertook to steal a ride on a freight and coal train. He had not reached a place of safety but was coming up. The brakeman threw pieces of coal at him, none of them striking the plaintiff. The court, through Mr. Justice Pitney, held that the throwing of the coal amounted to little or nothing more than a notice to the trespasser that his attempt to board the train would be resisted. The court cites with approval the Planz and Mugford cases, *supra.* See also *Lebow* v. *Consolidated R. R. Co.,* 26 L. R. A. (N. S.) 265.

We do not want to be understood at this time as approving the cited cases in all their extension. Some of them were rather close ones and others go further perhaps than we would be inclined to go under the same circumstances, but the rule to be deduced therefrom and from experience is that a conductor may compel a trespasser to alight from slowly moving trains where there is nothing exceptional within the prevision of the conductor to make such expulsion wanton. The principal cases cited by the appellant (*Enright* v. *Pittsburg Jun. Co.,* 198 Pac. 166; 47 Atl. 938; *Pierce* v. *North Carolina R.*

R. Co., 124 N. C. 83; 32 S. E. 399; *Ashworth* v. *So. R. Co.*
116 Ga. 635; 43 S. E. 36) were all cases where either the train
was going at a high rate of speed or where the trespasser
was very young or some other element intervened which made
the expulsion wanton. The leading case in this regard is
*Lovett* v. *Salem & S. D. R. Co.,* 9 Allen, 557, cited with approval but distinguished in *Planz* v. *Boston & Albany R. Co.,
supra,* and in other cases.

The burden was on the complainant to show that the conductor was wanton in expelling him. And while we are not
without some doubts, we cannot, after the general finding
of the court below, conclude that the expulsion took place
unlawfully.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey
and Hutchison concurred.