## Milligan *v.* Bell Telephone Co., Appellant (No. 1).

*Negligence—Telephone company—Junction box—Infant.*

A boy seven years of age who runs in sport through a private alley, in which neither he nor his parents had any right and strikes his head against a metal junction box, and injures himself, is not entitled to maintain a judgment on a verdict in his favor, where it appears that the alley had been generally used by the public without objection from those having the legal right to its use, that the box had been placed on a fence along the alley with the permission of the owner of the fence, that it was securely fastened to the fence at such a height that the bottom of it was three feet and ten inches from the pavement of the alley, and that at that height it projected four inches from the surface of the fence into the open way.

Argued Oct. 11, 1915. Appeal, Nos. 9 and 10, Oct. T., 1915, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1912, No. 2657, on verdict for plaintiff in case of George Edward Milligan by his father and next friend N. Edward Milligan and N. Edward Milligan in his own right v. The Bell Telephone Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff, George Edward Milligan for $1,000 and for N. Edward Milligan for $500.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Benjamin O. Frick, Frank P. Prichard* and *John G. Johnson,* for appellant.

*W. J. Conlen,* of *Conlen, Brinton & Acker,* for appellant.—The case was for the jury: Francis v. B. & O. R. R.

Co., 247 Pa. 425; Hydraulic Works Co. v. Orr, 83 Pa. 332; Schilling v. Abernethy, 112 Pa. 437.

Even assuming that the injured boy was technically a trespasser or licensee, he was not such as against defendant: Daltry v. Media Electric Co., 208 Pa. 403.

Even if the alley was technically a private way, the injured plaintiff had a legal right to use it at time of injury: Henderson v. Continental Refining Co., 219 Pa. 384; Kay v. P. R. R. Co., 65 Pa. 269; O'Leary v. Pittsburgh, Etc., R. R. Co., 248 Pa. 4.

OPINION BY HEAD, J., March 1, 1916:

The facts in this case are practically agreed on by the parties. At some time, not shown by the record, the owner of a plot of ground fronting on Ontario street in Philadelphia, sold the same in lots. Each lot was about seventy feet in depth and extended back to a three feet wide way through the block, parallel with Ontario street, from Lee street at one end to Water street at the other end of the way. His deed to each lot purchaser contained the following, viz: "Together with the free and common use, right, liberty and privilege of said alley as and for a passageway and water course at all times hereafter forever." This open way appears to have been smoothly paved and kept in good order, presumably by the lot owners for whose use it was created. There is no contention, or evidence to support one, the way was in any sense a public street or alley of the city. But it was unquestioned that any and all persons who found it convenient to use the short cut had been, for some considerable time, continuously using it without objection by or protest from those who alone had a vested legal right to enjoy it.

One of the lot owners, whose lot fronted on Ontario street, had erected a smooth and high board fence along

his rear property line. The defendant telephone company asked and secured from him the privilege of placing on this fence what is called in the record "a junction box." This box was of metal, fourteen inches long, seven and one half inches wide and four inches thick. It was securely fastened to the fence at such a height that the bottom of it was three feet and ten inches from the pavement of the passageway. Thus at that height it projected four inches from the surface of the fence into the open way.

On the day of the accident the plaintiff, a boy of about seven years of age, whose parents did not live in a house on any of the lots already mentioned, started with his sister to go to a store in the vicinity. They availed themselves of the short cut through the passageway. In a childish desire to beat his sister to the store the boy started to run and, forgetful or heedless of the junction box, which both he and his sister had many times seen, violently bumped his head against it to his serious injury. Upon this state of facts the plaintiff brought this action on the theory the defendant company was negligent in locating its junction box in the manner described. The defendant contended it had been guilty of no breach of legal duty to the plaintiff and there was therefore no foundation for an allegation it had negligently caused his injury. The learned trial judge submitted the question of the defendant's negligence to the jury and a verdict and judgment for the plaintiff followed. The defendant appeals.

The case is not complicated by any alleged trial errors on the part of the court below nor is complaint made of the manner in which the question was submitted to the jury. The pith and marrow of the controversy here to be determined may be well set forth by a brief excerpt from each one of the paper books presented. The appellant declares: "This case is directly ruled by B. & O. R. R. Co. v. Schwindling, 101 Pa. 258." The counter declaration by the appellee is "Appellee's position is con-

clusively sustained by the recent case of Francis v. B. &
O. R. R. Co., 247 Pa. 425." Each one of these cases is
illustrative of a well recognized principle enunciated in
earlier decisions, and our first duty seems to be to de-
termine whether the case exhibited by this record can
be truly said to be ruled by either the one or the other of
those cited.

It will of course be conceded that no legal liability is
imposed upon the defendant unless there be evidence to
warrant a finding there was a breach of some legal duty
by its act or omission.  The principle which applies,
equally whether a plaintiff be an adult or a child, is well
stated by Mr. Justice GREEN in R. R. Co. v. Schwindling,
supra: "It is quite true that young children can recover
for injuries in circumstances in which adults cannot.
But even children cannot recover unless there is negli-
gence,.and there can be no negligence without a breach
of duty."  Or, as was said by Mr. Justice AGNEW in Kay
v. P. R. R. Co., 65 Pa. 269: "If there be no negligence on
the part of the company, then the incapacity of the child
creates no liability, and its injury is its own misfortune."
The alleged negligence of the defendant, on which its lia-
bility must be predicated, may therefore be examined
apart from the consideration of any question of con-
tributory negligence.

The principle of law applied in a line of cases that may
be referred to as "permissive crossing cases" is clear
enough.  A railroad company of course has the exclusive
right of way for the movement of its trains on its own
tracks.  But this right becomes modified at crossing
points of such tracks.  This modification exists not only
where public streets or highways cross the tracks at
grade, but also at other points where, with the knowledge
of the company and its apparent consent, the public have
made a crossing for themselves and used it for such
length of time that the railroad company is affected with
knowledge of such use.  In these cases it has been held
that out of such known use by the public of a portion of

its tracks arises the legal obligation of the company to give warning of the approach of its trains so that those thus permissively using the crossing may have an opportunity to avoid the danger. The case of Francis v. Railroad Company, supra, develops nothing new in the way of the application of this principle. There was abundant evidence to sustain a finding that a permissive use of a portion of the company's tracks had been established and the company was affected with knowledge of this fact. There a boy of nine years of age, in company with others, was walking on that portion of the defendant's tracks when, without any warning of its approach, he was run down by an engine and tender backing over the spur track to the main track and seriously injured. Although the defendant's engine was manned by two employees, there was no lookout in the direction where the children might be expected, and no warning being given of the approach of the engine from that direction, no opportunity was afforded them to leave the track in safety. In thus failing to satisfy the legal obligation that arose from those facts, the negligence of the company was established.

We think the case at bar discloses one material element not existing in any of the "permissive crossing" cases. It is true there was such a use of this passageway by pedestrians as would affect with knowledge the owners of the property or those acting under their license and in their stead. Now had this defendant, visited with such knowledge, suddenly and without warning, propelled into this passageway a moving vehicle which ran down and injured a pedestrian, infant or adult, we might have a case ruled by Francis v. Railroad Company. In the present case the box fastened to the fence was in itself a perfectly inert and harmless object. It contained within itself no dangerous force which could be liberated even by the heedless act of a curious child. The violence which caused the injury was exerted wholly and entirely by the voluntary act of the boy. If at some point along

the portion of the railroad track permissively used by pedestrians in the Francis Case, the company had deposited, for use in maintaining its tracks, a keg of spikes, and the child, in an eager effort to outstrip his companions, had failed to notice what was perfectly visible and fallen over it, thus receiving his injury, would the court have declared the railroad company responsible? As we view it, no case has ever gone to such length. We are unable therefore to agree with the learned counsel for the appellee that his "position is conclusively sustained by the recent case of Francis v. B. & O. R. R. Co."

On the other hand it appears to us there is present in the case at bar a material fact absent in the case of Railroad Company v. Schwindling, supra. There a young boy, who was not an actual or intending passenger, was simply loitering on the railroad platform awaiting the return of his brothers who had crossed the tracks. He took his position so close to the rails, while engaged in watching a slowly passing train, that a bent iron stirrup of one of the cars, projecting farther than usual, struck him and a very serious injury resulted. The Supreme Court, reversing the court below, rested its judgment on the proposition the facts disclosed no breach of any legal duty or obligation owed by the railroad company to the plaintiff. Had there been, in that case, evidence that children were accustomed to loiter or play on the station platform at the point of injury, and that this practice or custom had continued for such a length of time as to affect the company and its servants with knowledge of it, then that case might be more forcibly said to rule the present one. In the light of a number of recent cases, both of this court and the Supreme Court, dealing with the liability of those operating dangerous forces at points where children are known to habitually congregate, and therefore are to be expected to congregate, we are not able to regard the fact referred to as being without material significance.

In Guilmartin v. City of Philadelphia, 201 Pa. 518, we

have a case that more clearly exhibits the principle that should control our judgment here. In one of its suburban districts the city had acquired title to a square of ground for the purpose of establishing a public park. It was unenclosed and bounded on each side by a public street. It had not yet been improved or formally turned over for public use but it was generally used by the residents in the vicinity for any purpose for which such open spaces were adapted. The original mansion house on this property had been converted into a school building and access to that building was through a large iron gate. The bars at the top of the gate had been partially eaten by rust, but with some strengthening the structure was sufficiently secure to be without danger as long as it was not subjected to any extraordinary use. A boy ten years of age undertook to climb on this gate. His added weight of fifty or sixty pounds broke down the structure and his act thus converted what was secure and harmless into an instrumentality which seriously injured him. It was held there could be no recovery against the city.

We can perceive no element in the case at bar which would make for a recovery by the plaintiff that was not present in the case cited. Even if the opinion of Mr. Chief Justice FELL were stripped of the authority that is incident to an utterance of the Supreme Court, we think its reasoning would be unanswerable. A boy moving along the sidewalk of a public street in a city or borough would necessarily be clothed, to say the least, with all of the rights that could be claimed for the plaintiff in his use of the passageway so often referred to. On every block he traversed there would be fire hydrants, U. S. mail boxes, poles carrying wires for various public purposes, even shade trees. All of these serve useful if not absolutely necessary purposes. All of them are harmless in themselves. They exist lawfully and in no way threaten the safety of the pedestrian on the sidewalk. Yet a spirited boy may and often does convert a sidewalk

into a race track where he may try his physical powers with his playmates. If, while racing along the sidewalk, his eagerness or heedlessness should lead him to crash into or over any one of the objects named or others of their class, how could it be said the municipality should suffer the consequences on the ground it had been guilty of some act of negligence. In such cases we can only say in the language of Mr. Justice AGNEW, already quoted, "The incapacity of the child creates no liability and its injury is its own misfortune."

Without attempting to go further into a consideration of the many cases discussed in the able briefs of counsel, we are of opinion the learned trial judge should have affirmed the defendant's point for a binding direction or should have thereafter made absolute the rule for judgment non obstante veredicto.

The judgment is reversed and judgment now entered for the defendant.