# Pittsburg, Allegheny and Manchester Passenger Railway Co. *versus* Caldwell.

1. The plaintiff, a child of five years, with another of eleven, got on the front platform of a street railway car ; the driver allowed them to continue there and in attempting against the remonstrance of the driver to get off whilst the car was in motion the plaintiff was hurt. *Held*, that it was negligence in the driver to allow children so young to ride on the platform and the company were liable.

2. It was the driver's duty to compel them to go inside or to stop and put them off.

3. Negligence cannot be imputed to one not of sufficient capacity or discretion to understand the danger and guard against it.

4. There was evidence that the elder child put the plaintiff off;—*Held*, that her negligence was not to be imputed to plaintiff, the other being a companion and plaintiff not in her charge.

5. The rules of the company for conductors and drivers were given in evidence ; the court allowed a schedule of rules containing these and others which did not bear on the issue to go out with the jury, against a general objection to the paper. *Held* not to be error, being within the discretion of the court.

6. As the rules which had not been given in evidence could do no harm, judgment would not be reversed for a technical error.

November 15th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

[Pittsburg, A. & M. Passenger Railway Co. *v.* Caldwell.]

Error to the District Court of *Allegheny county :* No. 118, to October and November Term 1873.

This was an action on the case for negligence brought July 15th 1872, by Kate Caldwell, by her next friend, James Caldwell, against The Pittsburg, Allegheny and Manchester Passenger Railway Company.

The cause of action was the negligence of the defendant's servant, by which one of their cars passed over the leg of the plaintiff, and so injured it as to render her permanently a cripple.

The case was tried June 2d 1873, before Hampton, P. J.

The plaintiff was a child of about five years of age.

The evidence of the plaintiff was that by permission of an elder sister, she accompanied another child, Amanda Lappe, who was about eleven years old, on a walk ; that as they were returning the car came along and stopped; they asked the driver permission to get on the car ; he gave it to them and they got on the front platform ; when they approached near the home of the plaintiff, she jumped from the car and it ran over her leg; Amanda had her arms around plaintiff, who pulled her arms apart and jumped off; Amanda had never been in the habit of taking charge of plaintiff. One of plaintiff's witnesses testified that Amanda "threw the child out from the car ; when the little girl jumped, Amanda caught her by the dress ; she had made a spring ;* * * she swung her by the dress a short distance."

The plaintiff gave in evidence the following rules of the defendants :—For their conductors :

4. " Conductors are required to stop their cars to let children off, and when the children are small to help them to the sidewalk.

10. "Passengers must be requested not to crowd the rear platform when there is 'room inside the car. Children must not be allowed to get on or off the front platform."

And rule 6, for their drivers, viz. :—

6. " Drivers must ring the bell when any person gets on the front platform, or passes into the car from the front, unless they are sure the conductor sees said person getting on. Also, ring the bell for the conductor when a switch is out of order. "

Plaintiff gave other evidence in support of her case, of the same general character as that stated, and rested.

The driver of the car testified, that Amanda did not ask him to allow her to get on ; when he first saw them, she and the plaintiff were sitting on the platform, and in reply to his question what she was doing on, she said she wished to ride home ; he knew where they were going and intended to let them off when they got there ; Amanda " shoved " the plaintiff off; when he saw she was pushing her off he " put on the brake and checked in the team as quick as it was possible to do it," but was not able to stop before the wheel passed over the plaintiff; neither of the children gave him notice

they were going to get off that way; he told the children to remain on and he would let them off at their own corner; when they got on he did not notify the conductor, nor do anything to remove them from the platform; he gave them no permission to ride.

The plaintiff's first point as affirmed was:—

The plaintiff, Kate Caldwell, a child of tender years, cannot be charged with negligence, and even if Amanda Lappe was guilty of negligence, the negligence of said Amanda cannot affect the right of said Kate to recover, unless the driver did all that ordinary prudence and reasonable care required after he knew they were seated on the platform.

The defendants' first and third points with their answers were:

1. If the jury find from the evidence that the injury complained of in this suit was not the result of carelessness or negligence of the conductor of defendant's car, but from the improper conduct of the girl Amanda Lappe, whilst she had charge or care of plaintiff, either in assisting or pushing her from the platform, or permitting her to jump off whilst the car was in motion, the plaintiff is not entitled to recover.

Answer: "If the injury sustained by the plaintiff was not caused by the negligence of either of the defendant's officers, viz. the driver or conductor, then the plaintiff will not be entitled to recover in this action, and your verdict will be for the defendant."

3. If the jury find from the evidence that the cause of the injury to plaintiff was not the riding on the platform, but in improperly jumping off the car whilst it was in motion, plaintiff cannot recover.

Answer: "If it was the duty of the driver or conductor to prevent children from riding on the platform of the car, and if the injury complained of was caused by the neglect of either of these officers to do their duty, then the plaintiff will be entitled to recover in this action."

The plaintiff asked that the jury should take out with them a paper containing the printed rules of the company which had been given in evidence and also a number of other rules prescribing the duties of conductors and drivers, but not bearing upon any questions considered in this case.

The defendants objected to the request; it was allowed by the court, and a bill of exceptions sealed.

The verdict was for the plaintiff for $2500.

The defendants took out a writ of error; they assigned for error the answers to the first point of plaintiff, the first and third points of the defendants, and allowing the printed rules of the company to go out with the jury.

*A. M. Brown,* for plaintiff in error.—Negligence is not to be

[Pittsburg, A. & M. Passenger Railway Co. v. Caldwell.]

presumed: Phila. & Read. R. R. v. Hummell, 8 Wright 375; Kay v. Penna. R. R., 15 P. F. Smith 269. The plaintiff having been pushed off by the other child, she is without remedy, notwithstanding her tender years: Phila. & Read. R. R. v. Spearin, 11 Wright 300. The driver, in permitting the children to ride, acted out of the range of his employment, and the defendants are not liable: Flower v. Penna. R. R., 19 P. F. Smith 210; Penna. R. R. v. Books, 7 Id. 339.

As to the paper sent out with the jury, he cited Morrison v. Moreland, 15 S. & R. 61; Frazier v. Funk, Id. 26; Hall v. Rupley, 10 Barr 231; Carson v. Watson, 4 Phila. Rep. 88.

*S. M. Raymond* (with whom was *C. B. M. Smith*), for defendant in error.—The court was not informed of the grounds of objection to the rules; sending them out was a matter of discretion; those not given in evidence could do defendants no harm: O'Hara v. Richardson, 10 Wright 385; Riddlesburg Coal Co. v. Rogers, 15 P. F. Smith 416.

The opinion of the court was delivered, April 2d 1874, by

WILLIAMS, J.—It is clear from all the evidence in this case, and under the instructions of the court, the jury must have found that the accident which resulted in the loss of the plaintiff's leg, would not have happened if she had not been permitted to ride on the front platform of the defendant's car. If the rules of the company had not forbidden it, there can be no doubt that it was gross negligence for the driver to allow children as young as the plaintiff and her companion, to get on the front platform and to ride there. If they got on without his permission, instead of consenting that they might remain on the platform, it was his duty to compel them to go inside the car, or to stop and put them off; and if the plaintiff was injured by his negligence in allowing them to ride on the platform, the company is clearly liable for the injury, unless the plaintiff's negligence contributed to produce it. But negligence cannot be imputed to one who has not sufficient capacity or discretion to understand the danger and to use the proper means to guard against it. In this case it is conceded that negligence is not imputable to the plaintiff, who was an infant of tender age, and not of sufficient capacity to foresee the danger to which she was exposed. What matters it, then—even if the evidence would warrant the inference—that the plaintiff's companion, who was a child only eleven years old, may not have done all she could to prevent the plaintiff from jumping off the platform while the car was in motion? or that, when she saw her in the act of jumping, she may have been guilty of indiscretion or carelessness in pushing or swinging her from the car, and that her negligence in this respect may have contributed to the accident? The plaintiff was no more

responsible for the conduct of her companion than she was for her own; and the negligence of her companion—even if negligence could be imputed to a child of her age—cannot be regarded as the negligence of the plaintiff, for she was not in her custody or subject to her control. The plaintiff was in her company, but not in her keeping. The only relation which these girls sustained to each other was that of companionship. The older girl was sent on an errand, and the plaintiff, without the consent or knowledge of her parents, went with her. As they were returning home, both got on the front platform, while the car stopped for passengers; and if they did not get on with the driver's permission, as testified by the older girl, they were allowed to remain and ride there with his knowledge and consent. The driver was guilty of culpable negligence, as already suggested, in allowing them to ride on the front platform, whether he gave them permission to get on or not; and the company is responsible for the driver's negligence if it was the cause of the plaintiff's injury. In answer to the defendant's points the court instructed the jury that, "if the injury sustained by the plaintiff was not caused by the negligence of either of the defendant's officers, viz.: the driver or conductor, then the plaintiff will not be entitled to recover. * * * If it was the duty of the driver or conductor to prevent children from riding on the platform of the car, and if the injury complained of was caused by the neglect of either of these officers to do their duty, then the plaintiff will be entitled to recover in this action. * * * If the injury was caused by Amanda Lappe pulling this child under the wheel, and not by any negligence of the officers of the company, then the plaintiff will not be entitled to recover, and your verdict will be in favor of the defendant." These instructions were more favorable than the company had any right to ask, and there was no error in refusing to charge as requested. Under the facts disclosed by the evidence no instructions could have rightfully been given that would have shielded the company from liability for the injury occasioned by the driver's negligence in allowing the plaintiff to ride on the front platform of the car. It is high time that the directors of a passenger railway company should understand that it is their duty not only to make and publish rules forbidding their conductors and drivers from allowing "children to get on and off the front platform," or to ride there, but to see that these rules are rigidly enforced by their employees. Under no circumstances should they permit children to get on and off the front platform of a street car, much less to ride in a place of so much danger to life and limb. If they do, negligence is imputable to the company, and it will be held responsible for any injury occasioned thereby.

There was no error in allowing the printed rules of the company given in evidence by the plaintiff to be sent out with the jury. It was clearly a matter within the discretion of the court.

If the paper had been objected to because it contained other rules than those given in evidence, the objection would doubtless have been sustained. But the other rules had no bearing whatever upon the issue, and, even if they were read by the jury, they could not possibly have done the defendants any harm. The judgment, therefore, ought not to be reversed for a technical error which did no injury.

Judgment affirmed.