Dennis Levin, by his Father and Next Friend, John Levin, and John Levin, Appellants, *v.* The Second Avenue Traction Company and The McKeesport, Duquesne and Wilmerding Railway Co.

*Negligence—Street railways—Riding on platform—Trespassers—Infant of tender years.*

When a motorman discovers a child of tender years on the platform of his car, it is his duty to stop and take the child inside or put him off, and failure to do so instantly becomes negligence.

In an action against a street railway company to recover damages for personal injuries to a child five years of age, the case is for the jury where the evidence showed that the boy was on the step of the front platform of an electric car when the car started ; that the platform was enclosed with glass, and that the motorman when he saw the boy, instead of stopping and taking the boy inside or putting him off, knocked on the window and kicked on the lower end of the side next to the child, when the latter jumped off and fell, sustaining injuries.

*Practice, Supreme Court—Paper-books—" History of the case."*

Before preparing a " history of the case " for a paper-book on appeal, it is the duty of counsel to review the testimony carefully, and to make no statement in it not justified by the evidence produced. Per BROWN, J.

Argued Oct. 31, 1899. Appeal, No. 157, Oct. T., 1899, by plaintiffs, from order of C. P. No. 3, Allegheny Co., Aug. T., 1898, No. 574, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Reversed.

Trespass for personal injuries for a boy five years of age.

At the trial it appeared that on May 6, 1897, Dennis Levin, a boy five years old, got upon the lower step of the front platform of an electric car which was standing in the barn. The front platform of the car was enclosed, half with wood and half with glass. The motorman did not see the boy until the car had started, and then, while the car was running, he knocked on the window and kicked on the lower part of the closed side towards the child. The child then jumped off and fell, and his right foot was run over by the car, necessitating amputation of a part of the foot.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*F. C. McGirr*, with him *John Marron*, for appellants.—While under some circumstances it has been held that a railroad company owes no duty to a trespasser, it has always been the law that this does not justify a positive act which endangers the trespasser's life, and this is especially true in the case of infant trespassers: Biddle v. Hestonville, etc., Pass. Ry. Co., 112 Pa. 551; Railway Co. v. Caldwell, 74 Pa. 421; Barre v. Reading City Pass. Ry. Co., 155 Pa. 170.

*Homer L. Castle*, with him *William A. Stone* and *W. P. Potter*, for appellee.—This court has many times decided that such acts as this boy committed are trespasses pure and simple, and that where people are injured by reason of just such a chain of circumstances as this boy happened to meet with, there can be no recovery: Sandford v. R. R. Co., 136 Pa. 84; Cauley v. Pittsburg, etc., R. R. Co., 95 Pa. 398; Duff v. Allegheny Valley R. R. Co., 91 Pa. 461.

OPINION BY MR. JUSTICE BROWN, December 30, 1899:

We regret to be compelled to complain of appellants' history of the case, as furnished to us in their paper-book. An accurate statement of the facts is helpful to us on the argument, and nothing should appear in the history of the case not justified by the evidence produced. In the case before us, a child, Dennis Levin, five years of age, got upon the step of the platform

of one of the cars of the Second Avenue Traction Company, and while there, after the car had started, was seen by the motorman, who knocked on the window, and then kicked on the lower end of the closed side—the side next to the child—when the latter jumped off and fell. This is all the motorman did. Nothing more can be found in the evidence, and we must attribute to the zeal of the learned counsel for appellants the impression made upon them that the testimony of the only witness who saw what occurred was that the motorman had threateningly motioned the boy to get off. There is a material difference between the testimony and the history of the case as to what the motorman did. We, of course, feel that it was inadvertently made, and in what we say intend nothing more than a friendly caution as to the care with which counsel should review testimony before preparing a history of the case.

Having called attention to the inaccuracies in the history of the case, we feel that under the undisputed facts it is controlled, and properly, by Pittsburg, Allegheny & Manchester Pass. Ry. Co. v. Caldwell, 74 Pa. 421, the language of the late Justice WILLIAMS in that case being peculiarly applicable to this, and relieving us from any extended discussion of the question before us. If it had been brought to the attention of the learned trial judge in the court below, the error which we must correct would not have been committed. When the motorman discovered the boy on the platform of the car, it was his duty to stop and take him inside, or put him off. The moment the child was seen the car should have been stopped, and failure to stop it instantly became negligence. Instead of stopping and taking the boy inside or putting him off, the motorman knocked on the window and kicked on the side, manifestly frightening the little fellow, and the negligence became cruel; but before he knocked or kicked, having seen the boy, there was negligence in allowing him to remain on the platform of the moving car, and the knocking and kicking simply intensified it. The youth of the boy exempted him from the charge of being a trespasser, in the legal signification of the word (Barre v. Reading City Pass. Ry. Co., 155 Pa. 170), and no negligence was imputable to him. The injury sustained resulted entirely from the negligence of the traction company, and the case should not have been taken from the jury.

Judgment reversed and procedendo awarded.