# Levin *v.* Second Avenue Traction Company, Appellant.

*Negligence—Street railways—Duty towards child of tender years.*

When a child of years so tender that negligence cannot be imputed to it, is found by a conductor or motorman on the platform of his moving street car, his duty is to remove it from its peril. This can be done by stopping the car and putting it off, or by taking it inside.

Argued Oct. 30, 1901. Appeals, Nos. 54 and 55, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1898, No. 574, on verdict for plaintiff in case of Dennis Levin, by his father and next friend, John Levin and John Levin v. The Second Avenue Traction Company. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child five years old. See Levin v. Second Avenue Traction Company, 194 Pa. 156.

Verdict and judgment for Dennis Levin for $2,000 and for John Levin $85.00. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Edwin W. Smith*, with him *Knox & Reed*, for appellant.

*John Marron* and *F. C. McGirr*, for appellees, were not heard.

PER CURIAM, November 8, 1901 :

When this case was here before (194 Pa. 156) we held: " When the motorman discovered the boy on the platform of the car, it was his duty to stop and take him inside, or put him off." This simply followed Pittsburg, Allegheny & Manchester Pass. Ry. Co. v. Caldwell, 74 Pa. 421, and what our language clearly means, is that when a child of years so tender that negligence cannot be imputed to it, is found by a conductor or motorman on the platform of his moving street car, his duty is to remove it from its peril. This can be done by stopping the car and putting it off, or by taking it inside. In saying " The youth of the boy exempted him from the charge of being a trespasser, in the legal signification of the word (Barre v. Reading City Pass. Ry. Co., 155 Pa. 170), and no negligence was imputable to him," 194 Pa. supra, our words mean that the boy was not a trespasser to whom no duty was owed, and they ought to be so understood. In Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166, cited by counsel for appellant, while it is true the boy was held to be a trespasser upon the train of the railroad company, we also decided that its employees could not eject him, or cause him by fright or fear to leave the train while in rapid motion, so as to endanger his life, and that it was the duty of the defendant company and its employees not to eject him.

The duty of a street railway company's conductor or motorman is to refuse to permit a child of five years old to be on the platform of his moving car, and if it gets there without permission, through the oversight of the company's employee, the duty of the latter, as soon as it is discovered, is to remove it from its position of danger. Failure to do so is negligence. This is substantially what the jury were told, and as the question of appellant's operation of the car was properly submitted as one of fact under the evidence, the judgment on the verdict is affirmed.