## Walsh *v.* Pittsburg Railways Company, Appellant.

*Negligence—Electric power company—Defective cable—Infant—Trespasser—Case for jury.*

There is a duty to a trespasser not to injure him intentionally or wantonly by any act to expose him to danger.

In an action by a girl nearly nine years old against an electric power company to recover damages for personal injuries, it appeared that the plaintiff went upon a lot owned by the defendant on which was an electric power house which operated a wire cable on a railroad track constructed over the lot. At the time of the accident plaintiff was standing on the track near the cable. While she was standing there, an employee of the defendant passed along very close to her, entered the power house, and in a few seconds the machinery was put in motion and the cable started. As it moved it was raised a foot or two from the ground. It was worn and frayed, and at places loose ends of wire stuck out. It caught the plaintiff's dress, and she was injured thereby. The lot where the accident occurred was at times used by children who lived in the neighborhood as a playground, and plaintiff was attracted to the spot where she was injured, by a fight in which some boys were engaged. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 1, 1907. Appeals, Nos. 120 and 121, Oct. T., 1907, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 107, on verdict for plaintiffs in case of Dorothy E. Walsh, a minor, by her next friend and father T. F. Walsh, and T. F. Walsh v. Pittsburg Railways Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The circumstances of the accident are set forth in the opinion of the Supreme Court.

Verdict and judgment for Dorothy E. Walsh for $4,500 and for T. F. Walsh for $1,250. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellant.—It is settled by abundant authority that to enable a trespasser to recover for an injury he must do more than show negligence. It must appear that there was a wanton or intentional injury inflicted upon him by the owner : Gillespie v. McGowan, 100 Pa. 144 ; Rodgers v. Lees, 140 Pa. 475 ; Baltimore & Ohio R. R. Co. v. Schwindling, 101 Pa. 258 ; Walsh v. Fitchburg R. R. Co., 145 N. Y. 301 (39 N. E. Repr. 1068) ; Buch v. Amory Mfg. Co., 69 N. H. 257 ; Uthermohlen v. Bogg's Run Co., 50 W. Va. 457.

*Rody P. Marshall*, with him *Thos. M. Marshall*, for appellee.—The case was for the jury : Taylor v. Delaware & Hudson Canal Co., 113 Pa. 162 ; Phila. & Reading R. R. Co. v. Troutman, 11 W. N. C. 453 ; Kay v. Penna. R. R., 65 Pa. 269 ; Enright v. R. R. Co., 198 Pa. 166 ; Biddle v. Ry. Co., 112 Pa. 551.

OPINION BY MR. JUSTICE FELL, May 25, 1908 :

The defendant was the owner of a lot 185 by 400 feet, at the corner of Preble avenue and Juniata street in Allegheny city, on the end of which furthest from Preble avenue it had an electric power house. A part of the lot nearest Juniata street was unoccupied and was at times used by children who lived in the neighborhood as a playground. Back of this part were piles of coal, paving stones, ties and rails ; and back of these a railroad track, used for the transportation of coal cars, extended from Preble avenue to the power house. At the side of this track on an embankment seven feet high there was a track on which a car used to remove ashes was operated by means of a wire cable. At the end of this track fifty feet from the top of an incline rising from ash pits connected with the power house, there was a building ten feet square in which there was an electric motor and a

drum around which the cable was wound. The ash car when loaded was drawn from a tunnel in front of the ash pits up the incline and on the embankment, and the ashes were dumped into a railroad car on the lower track. There had been no permissive use of any part of the lot except that fronting on Juniata street and nearest to it.

The plaintiff, a girl eight years and eight months old, went to the lot to witness a fight in which some boys were engaged. She walked from Juniata street across the vacant part of the lot, a distance of 130 feet, to the vicinity of the power house and up the embankment, and stood between the rails close to the cable and a foot and a half or two feet from the door of the motor house. While she was standing there, an employee of the defendant whose business it was to operate the motor came along the track from the power house, passed by and close to her, " so close he nearly brushed her clothes," and entered the motor house. Within a few seconds after he entered the house, the machinery was put in motion. The cable when in motion was raised a foot or two from the ground. It was worn and frayed, and at places loose ends of wire stuck out. It caught the plaintiff's dress, and she was drawn into the drum and injured.

The plaintiff was on the private property of the defendant, where she had no right to be. Its employees were not bound actively to care for her by keeping her off the lot or by protecting her after she had entered it from injury that might result from the condition of the property. The standard of duty in such a case is the same whether the person injured is an adult or a child: Thompson v. Railroad, 218 Pa. 444. There was, however, a duty not to injure her intentionally, or wantonly by any act to expose her to danger. "Even trespassers are entitled to human consideration :" Barre v. Reading City Pass. Ry. Co., 155 Pa. 170. If the man who started the motor knew at that time that the plaintiff was standing between the rails close to the frayed cable, which would touch her dress when in motion, and from his knowledge of the circumstances was conscious that she would be exposed to danger if the machinery was put in motion, a duty of care arose, as it would in the case of an engineer who sees a child on the track in front of his engine. The case would then come

within the class of which Biddle v. Railway Co., 112 Pa. 551;
Levin v. Traction Co., 194 Pa. 156; Enright v. Railroad Co.,
198 Pa. 166; and Pollack v. Railroad Co., 210 Pa. 631, where
children were driven from moving cars, are types.

The presence of this man could not be secured at the trial
by either party, and the jury were left to inference as to his
knowledge of the situation. The facts established by the tes-
timony as a basis for the imputation of knowledge to him
were that he had been in charge of the machinery for several
months, and that he walked fifty feet up the track towards
the plaintiff and passed close by her at the door of the building
as he entered it. He must have known that the cable would
be raised when in motion, because it was a part of the machi-
nery he operated. Presumably he knew that it was frayed,
because it was constantly before his eyes. He had the fullest
opportunity to see the plaintiff, to observe where she stood
in relation to the cable, and to realize the consequences that
would probably result from his act. Whether he actually saw
her and was conscious that his act exposed her to danger, were
questions for the jury.

The judgments are affirmed.