# McConnell *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Variance—Allegata and probata—Pleading—Evidence.*

1. In an action against a railroad company to recover damages for personal injuries there is no substantial variance between the allegata and probata, where the statement of claim charges that the defendant permitted a car to become so out of repair that while the plaintiff was lawfully engaged thereon the floor broke, while the evidence shows that some sort of repair had been made by placing a board over a hole in the floor of the car, and that it was this board which broke, permitting the plaintiff to fall into the hole.

2. In such a case when the plaintiff alleges that the floor broke, the language is sufficiently comprehensive to cover a break in the original floor, or a break in an inadequate patching of that floor.

*Negligence—Railroads—Master and servant—Fellow servant—Act of April 4, 1868, P. L. 62.*

3. In an action against a railroad company to recover damages for personal injuries, where it appears that the plaintiff was injured by falling through a hole in the floor of the car, the defendant cannot allege that the plaintiff was a mere volunteer without any obligation by the defendant to him to inspect the car, where it appears that the plaintiff was engaged as a stone mason by the owner of a near-by building operation, that the plaintiff who had men under his employ, needed the stone in the car, and having such an interest, went on the car while it was on the siding and personally helped to unload the stone. The Act of April 4, 1868, P. L. 62, has no application to such a case.

4. One who assists in the delivery of his own goods is not placed in

the position of a fellow servant and subject to the principles of law governing the negligence of a fellow servant.

5. Where the car in question was in the custody and under the control of the defendant up to the morning it was placed upon the siding, the jury are justified in inferring negligence of the defendant from the condition of the floor; nor in such a case can the defendant claim that the negligence was that of a fellow servant of plaintiff, inasmuch as it was the duty of the defendant even if the plaintiff were in the position of a fellow servant of its own employees to provide a reasonably safe place in which to work.

Argued Jan. 5, 1909. Appeal, No. 172, Jan. T., 1908, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1898, No. 582, on verdict for plaintiff in case of Andrew McConnell v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the jury returned a verdict and judgment for plaintiff for $4,333. Defendant appealed.

On motion for a new trial FERGUSON, J., filed the following opinion:

The plaintiff was employed by Archibald Baxter as a stone mason in the erection of certain houses in the southern part of Philadephia. Stone for the use of the plaintiff and his men was delivered to Baxter on the cars upon a siding near the building operation. This stone was unloaded from the cars by the employees of Baxter. On June 7, 1898, the plaintiff complained to Baxter that the stone was not being unloaded fast enough to keep his (plaintiff's) men busy, and after some discussion of the difficulty of providing additional men to unload the cars, the plaintiff expressed his intention of going on the car and helping, to which Baxter gave his consent. While on the car the plaintiff's foot went through an opening in the floor of the car and injury resulted. There was evidence that there was a hole in the floor of the car which had been patched by a piece of rotten board, about an inch thick, which board broke, part of it remaining over the hole and part falling to the ground under-

neath the car.  If from this evidence the jury found the cause of the accident was the breaking of a board placed over a hole in the floor of the car, there was sufficient evidence to sustain the finding.  The jury rendered a verdict for the plaintiff of $4,333.

Upon the motion for judgment for the defendant or for a new trial a number of reasons were advanced, and for convenience they will be considered in the order in which they were argued.

It is contended there is a material variance between the allegata and the probata.  The allegation in the statement is to the effect that the company defendant permitted the car to become so out of repair that while the plaintiff was lawfully engaged thereon the floor broke.  The defendant contends that the evidence upon the trial was clearly to the effect that some sort of repair had been made by placing a board over a hole in the floor and that it was this board which broke, permitting the plaintiff to fall into the hole, and that this constitutes a different cause of action from the one alleged in the statement.  The case of Mahoney v. Transit Company, 214 Pa. 180, is cited as authority upon this point.  In that case the negligence of the defendant as alleged in the declaration was substantially that the defendant had stopped the car at an unsafe place.  The trial judge, however, instructed the jury that under the facts of that case the act of the company in stopping the car where it did, was not negligence and should be eliminated from the case, but he permitted the jury to consider whether or not the company was negligent in not maintaining chains upon the side of the car to protect the passengers and prevent them from getting off.  This being the negligence which the jury were permitted to consider and not having been alleged as negligence in the statement, the Supreme Court held the variance to be so material that judgment for the plaintiff entered in the court below was reversed by the Supreme Court without a venire.

We are of opinion that there is not such a substantial variance in the case at bar as would have justified the trial judge in withdrawing a juror upon the motion when it was made at the trial, or which would justify us in entering judgment upon this motion.  The cause of action is substantially the same in the

allegation and in the proofs.   To say that a floor is out of repair and breaks is sufficiently precise to give the defendant a clear idea of the cause of the plaintiff's action, and it may well be said that a hole in the floor would certainly justify the formal allegation that the car was out of repair, and if that hole still existed but was covered by an inadequate and an insufficient covering, the floor would still remain out of repair.   When the plaintiff alleged that the floor broke the language is sufficiently comprehensive to cover a break in the original floor or a break in an inadequate patching of that floor.   For all practical purposes if a piece of wood was put over a hole in the floor, that piece of wood would properly be said to constitute the floor, and it is not therefore inconsistent with the allegation in the statement that the floor broke, if the plaintiff proved that the patch over the hole in the floor broke.   We therefore are of opinion that the variance alleged is not a substantial one, if there is any at all, and there is nothing in the contention which will avail the defendant.

The second point suggested by the defendant was that the plaintiff had no duty upon the car; it was not part of his work for his master to go there, and he was a pure volunteer and one to whom the company defendant owed no duty.   Various decisions are cited in support of this contention: Flower v. Railroad Company, 69 Pa. 210; Gillen v. Rowley, 134 Pa. 209; Wischam v. Richards, 136 Pa. 109; Artz v. Lit, 198 Pa. 519. We have examined these cases with care, and conceding that a volunteer or one who assists a servant at the request of the servant cannot hold the master responsible for injuries received, we do not see that these cases apply to the situation disclosed at bar.   The authorities are carefully considered in the case of Wischam v. Richards, and in that opinion it is clearly indicated that one who assists in the delivery of his own goods is not placed in the position of a fellow servant and subject to the principles of law governing the negligence of a fellow servant.   In the case at bar the plaintiff was not assisting the servants of the railroad company.   The stone was not unloaded by the railroad company's servants, but the car was placed upon the siding with the expectation and understanding of both the railroad

company and Baxter that Baxter was to provide the laborers to unload the car. When the defendant placed the car upon the siding with that understanding there was an implied assurance that the car was reasonably safe for the servants of Baxter to enter thereon for the purpose of unloading the stone, and they were not bound to make an inspection of the floor of the car to see if it was substantial enough to sustain their weight. The plaintiff had an interest in the unloading of the stone. He testified that it was his duty to be there, but the mere use of the word "duty" upon his part did not necessarily establish the fact; however, it appeared that the plaintiff had need of the stone, that his laborers were waiting to set it, that Baxter was insufficiently furnished with laborers at that time, and with Baxter's consent the plaintiff boarded the car to assist in the unloading, having a direct personal and financial interest in expediting the work. The fact that he was not directly paid wages for such unloading cannot be held to be the test as to the lawfulness of his position upon the car, and we therefore must hold that he was not a volunteer in the sense of the decisions cited.

It is further contended, however, that if the plaintiff was not a volunteer he was in the position of an employee under the provisions of the act of April 4, 1868. We will assume that the repeal of the act of 1868 as affected by the act of 1907 does not apply to the present case, and under the act of 1868 the plaintiff has no greater right as against the railroad company than he would have had he been an employee of that company. But the act of 1868 would not prevent a recovery by an employee in this case if the defendant had been negligent. It is not necessary to cite authority to sustain a contention that a servant has a right to presume and act upon the presumption that his master has performed every duty incumbent upon him, and that the place to work is safe and reasonably adequate; that dangerous things are properly secured, and that proper repairs or supports or supplies have been provided. The cases cited by the defendant, Wannamaker v. Burke, 111 Pa. 423; Hoffman v. Clough, 124 Pa. 505; Walton v. Bryn Mawr Hotel Company, 160 Pa. 3, and Nemier v. Riter, 179

Pa. 557, do not apply to a situation such as is disclosed in the present case.

It is further contended that it is not enough to show the happening of an accident; the cause of the accident due to a negligent act must be affirmatively established. As an abstract proposition of law that is true, but we are of opinion that the situation as disclosed upon the car in question was sufficient to do more than show the happening of an accident. The happening of the accident was shown and the manner thereof. If the floor in its original state had broken through with the plaintiff, it would probably be incumbent upon the plaintiff to show how long the condition existed, and that by the exercise of reasonable care the railroad company could have discovered it; but if the jury believed that the hole existed for an appreciable time before the accident and that some persons, whether employees of the railroad company or strangers, had placed a board as an insufficient and insecure repair to that hole, they were warranted in drawing an inference, if they chose to do so, that the defect had existed a sufficiently long time for its discovery and adequate correction. It must be borne in mind that the car was in the custody and under the control of the defendant up to the morning it was placed upon the siding, and if under such circumstances the jury inferred negligence from the condition of the floor we cannot say they were not justified in so doing. In this connection the case of Marsh v. R. R. Co., 206 Pa. 558, seems to be in point. In that case it was contended the plaintiff had proved no more than the fact of the accident and had failed to prove negligence. But the evidence showed that the boiler (which had exploded) was of insufficient thickness in places, and that condition being described in detail the Supreme Court said: "The testimony of these two witnesses is not merely as to a theory of what might have caused the explosion, but is a recital of facts, which, if believed by the jury, sustain the plaintiff's allegation that the defendant was negligent in placing its fireman on a locomotive supplied with an old, worn, defective, unsafe and dangerous boiler. Further discussion cannot make it plainer that there was testimony which the court

was bound to submit to the jury in support of the specific negligence charged against the defendant, and though the jury might very fairly have found from the testimony offered by the defendant, that its theory of the cause of the explosion was the correct one, the question was exclusively for their determination, and their finding as to it cannot be disturbed." There is a line of cases, of which Dickerson v. Central R. R. Co. of N. J., 189 Pa. 567; Mixter v. Imperial Coal Co., 152 Pa. 395; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301, are illustrations, in which a chain breaks, or a bolt slips off, without any evidence to show when or how the thing occurred, or that there was opportunity of discovery by the master, no matter how careful the system of inspection, but such cases do not seem to apply to a case in which the floor of a car bore the evidence of something done from which a jury could infer an improper or imperfect repair.

The defendant, however, contends if negligence was proved, it was the negligence of a fellow servant and there can be no recovery. It is argued if the car had been repaired by the company's servants and improperly repaired without knowledge of the superior officers of the company, that that improper repair was an act of a fellow servant, or if the failure to discover the improper condition of the car was due to improper inspection, that was likewise the negligence of a fellow servant in that the inspector would necessarily be held to be a fellow servant. The logic of these contentions would necessarily be that in no event could the company be held to be responsible for such a condition as existed in this case. If the company's servants did not repair, it is argued that they are not liable, and if the company's servants did repair, though inadequately, the company is not liable. We cannot assent to such a contention. The contention that if repairs were improperly made the negligence was that of a fellow servant is not supported by authority. In Penna. & New York Canal & R. R. Co. v. Mason, 109 Pa. 296, an engineer and fireman were killed by the explosion of the boiler of the locomotive on which they were at work. Shortly before the accident the locomotive had been repaired. The court was asked to charge the jury that the

workmen who repaired the boiler were fellow servants and for that reason there could be no recovery. The court refused so to charge and the Supreme Court approved the ruling, using this language: "We think this answer accords with the general tenor of our Pennsylvania decisions, and unless we propose a new departure and conclude that the servant is to have no protection whatever from the carelessness of his master we must support this ruling of the court below. How a boiler-maker employed in a machine shop can be regarded as a co-employee with a fireman and an engineer engaged in running a locomotive on a railroad, in the sense of making the latter responsible for the negligence of the former, is something that is difficult to understand."

Neither can we assent to the proposition that if there was a defective inspection, the plaintiff cannot recover, because the negligence if it existed was that of a fellow servant, that is to say, the inspector. In Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301, it was held if the company employed competent and skillful persons for the purpose of inspection, and afforded them reasonable opportunities and facilities for the work under proper instructions the company will not ordinarily be liable for the negligent performance of the work by their employees to a fellow employee, "unless the company knew, or by ordinary diligence ought to have known, of the defective manner in which the inspection was conducted." In that case it was intimated that a brakeman and a car inspector were fellow servants, yet the court added to that intimation, "But whilst the performance of the duty of inspection must necessarily be committed to the employees, the general regulation is on the hands of the company, and it is the duty of the company to provide suitable persons, in sufficient numbers, at proper places, with reasonable opportunities to accomplish the work." And further, the court in commenting on the facts of the case before it said: "Whether this provision of the company (for inspection) in view of the heavy grades along the road and the number of cars inspected, was a reasonably adequate one, would, if the question were material, be for the determination of the jury."

In the Hughes case the judgment was reversed not upon the ground of inspection, but for the reason that the plaintiff had failed to prove the cause of the accident, and from that case we take it to be established that if there be a negligent inspection, or an inadequate one under the circumstances of the case, the jury is to determine the fact with the other facts in the case. This view is supported by the case of Marsh v. R. R. Co., 206 Pa. 558, which was a case of a boiler exploding on a locomotive. In that case the court said: "Whether the appellant (the railroad company) had discharged its full duty to the deceased by furnishing reasonably safe and suitable appliances for the work to be done, and, by having the boiler regularly and carefully inspected, and having made all proper repairs thereto, was a question for the jury. If the inspections were carelessly made by the inspector, the court properly held that the latter's carelessness was not that of a coemployee of the deceased."

It is the duty of the master to provide a reasonably safe place in which his servants are to work. Such dangers as are incident to the work are supposed to have been taken into consideration by the servant, but where the place itself is unsafe by reason of defects the master may only relieve himself by adequate inspection and repair. This is his duty, and it may be discharged only by performance: Lewis v. Seifert, 116 Pa. 628. "Nor are those agents who are charged with the business of supplying the necessary machinery to be regarded as fellow servants, but rather as charged with the duty which the master owes to the servant, and the neglect of such agent is to be regarded as the neglect of the master. So is the employer equally chargeable whether the failure is found in the original tool or machine, or in a subsequent want of repair by which it becomes dangerous:" Canal & Railroad Company v. Mason, 109 Pa. 296. In Finnerty v. Burnham, 205 Pa. 305, the court said the master's duty does not end with furnishing reasonably safe appliances and machinery. "The law imposes upon him the further obligation of using reasonable care to keep such place of work and such instrumentalities in a reasonably safe condition, and this of course is to be accomplished

by a proper and timely inspection for defects and the repair thereof. In the case of structural defects knowledge thereof by the master will be inferred." In Elkins v. Pennsylvania Railroad Company, 171 Pa. 121, a brakeman was injured by reason of a defect in the step of a freight car on which he was attempting to get in the performance of the duty of his employment. The car belonged to and was in the yard of the Atlantic Refining Company, and the brakeman was in the employ of the Pennsylvania Railroad Company and had been sent into the yard to shift the car. In the opinion of the Supreme Court the language of Justice DEAN in Dooner v. Canal Company, 164 Pa. 17, was quoted as follows: "The measure of duty of the receiving road as to cars turned over to it for transportation by connecting roads is settled by many cases. It is bound to make such inspection as the nature of the transportation requires, and if it pass and haul cars faulty in construction or dangerously out of repair it is answerable to its own employees who are thereby injured; the many cases both in England and in this country which sustain in substance this proposition are cited in Patterson's Railway Accident Law, page 309." The opinion then proceeds to say: "If the defendant company is responsible to its employees for the condition of the cars it receives for transportation over its own lines, why is it not so for the condition of the cars it requires them to shift from one place to another on the tracks and in the yard of the refining company? It is not the ownership of the cars or of the line on which they are moved that imposes the liability upon the company, but it is the handling or shifting of them by its orders. The defendant company was not bound to shift the cars in the yard of the refining company without a previous inspection of them. If the latter refused to allow an inspection the former could have properly declined to engage in the work of shifting them. But having done the work it is responsible to its employees for injuries caused by the unsafe condition of the cars they were required to handle."

The case at bar seems to be very similar to the case of Phila. & Reading Railroad Co. v. Huber, 128 Pa. 63, in which a brakeman was injured in braking a car upon which he had not been

before, the brake having slipped and the brakeman being
killed.   There was no evidence that either the deceased or de-
fendant had any previous knowledge of the defect, which was
of such a character that a proper inspection would have dis-
closed it.   It was held that the deceased had a right to pre-
sume the brake was in safe condition, and it was for the jury
to say whether the defect was such as the defendant should
have known of, the Supreme Court saying:

"But here the testimony was very abundant that the com-
pany enforced a system of daily inspection of all cars at the
place of this accident, and if this had been thorough, the de-
fect in this brake should have been discovered."

From these authorities we conclude that the plaintiff, being
lawfully upon the car, had a right to assume that the flooring
was secure.   Being in the position of an employee the railroad
company was bound to provide him with a reasonably safe
place in which to work, and if there was a defect in the floor
which could have been discovered by the exercise of reason-
able care it was the duty of the company to repair it before
the plaintiff was permitted to board the car.   If on the evidence
presented the jury believe there was this opportunity and that
the defendant had been negligent either in the nondiscovery
of the condition of the car or in the manner of the repair made,
they had the right to so find by their verdict.   On the whole,
we see no error in the trial of this case of which the defendant
can justly complain.   The trial judge gave to the defendant
the benefit of a statement of the law on the subject of inspec-
tion which was even more favorable than it was entitled to
under the decisions, and the other points of law were presented
to the jury in a fair and impartial manner.

In considering the motion for a new trial it must be borne
in mind that the only evidence offered by the defense was that
concerning the movements of the car before and after the acci-
dent and of the system of inspection in operation.   There was
evidence as to repairs which were made upon this car in Jan-
uary of 1898, which showed that a certain amount of new
flooring was placed in the car at that time.   There was also
evidence of repairs made to the car in September, 1898, after

the accident, and in the list of repairs made at that time there is no mention made of repairs to the floor. There was evidence of the fact that the car was at Fifty-second street two days after the accident, and while there is no affirmative proof that the car was specially examined, there is proof that all cars were examined, and that no return was made of any repairs necessary to this car on that date. There was evidence of employees of the company who testified that no reports were made of any condition about the car requiring repairs at the time it left Betzwood a few days before the accident, but most of this evidence is of a negative character, it being argued because no defects were reported that none existed; but the witnesses testified entirely from memory as to the conditions while the car was at Betzwood ten years before the day of trial, and as to the inspections before the accident the last time the car was known to be at a place where an inspection was made was on May 24, and the evidence that it was inspected was merely the fact that all cars were inspected at that place.

This evidence was largely from the records of the company and could only have been offered for the purpose of satisfying the jury that the defendant had discharged its duty. As a part of the evidence in the case it was for the jury to consider, and by their verdict they have declared the evidence insufficient.

We cannot say that the jury were not warranted in drawing the inference that the defendant was negligent in this case, nor can we say that the plaintiff was not lawfully engaged upon the car at the time of the accident, therefore the verdict should not be disturbed.

The motion for judgment non obstante veredicto is overruled. The motion for a new trial is also overruled.

*Error assigned* was in refusing binding instructions for defendant, and in overruling motion for judgment non obstante veredicto.

*John Hampton Barnes*, for appellant.

*Thomas A. Fahy*, with him *Walter Thomas Fahy*, for appellee.

PER CURIAM, February 15, 1909:

The judgment is affirmed for the reasons stated in the opinion of the learned judge of the common pleas.