# Geltzer *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Infant—Negligence of conductor.*

Where a street railway conductor requests a boy ten years old to buy some fruit for him at a neighboring stand, and the boy after buying the fruit goes upon the rear platform of the car to give the fruit to the conductor, and while he is in the act of getting off, the conductor gives the motorman the signal, and the car is started with a jerk causing the boy to fall from the car, the question of the street railway company's negligence is for a jury.

Argued Dec. 17, 1912. Appeals, Nos. 76–77, Oct. T., 1912, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1908, No. 3,756, on verdict for plaintiffs in case of Harry Geltzer by his father and next friend, Sam Geltzer, and Sam Geltzer v. Philadelphia Rapid Transit Company. Before HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy ten years old. Before KINSEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs in the sum of $1,500 and $500, respectively.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Boyd Lee Spahr,* for appellant.—It was error to submit the case to the jury: Adams v. Lehigh Valley Transit Co., 45 Pa. Superior Ct. 623; Guille v. Campbell, 200 Pa. 119; Berryman v. Pa. R. R. Co., 228 Pa. 621; Flower v. Pa. R. R. Co., 69 Pa. 210; Bowler v. O'Connell, 162 Mass. 319; Artz v. Lit, 198 Pa. 519; Feehan v. Dobson, 10 Pa. Superior Ct. 6.

*Thomas J. Meagher* and *Edwin M. Abbott,* for appel-

lee.—The case was for the jury: Jones v. United Traction Co., 201 Pa. 344; Kelly v. Traction Co., 204 Pa. 623; Ross v. Chester Traction Co., 224 Pa. 86; Kruger v. Railway Co., 114 N. W. Repr. 571, 17 L. R. A. 101; Phila. City Pass. Ry. Co. v. Hassard, 75 Pa. 367; East Saginaw City Ry. Co. v. Bohn, 27 Mich. 503; Pittsburg, Allegheny & M. Pass. Ry. Co. v. Caldwell, 74 Pa. 421; Phila. Traction Co. v. Orbann, 119 Pa. 37; Lake Shore & Michigan So. Ry. Co. v. Rosenweig, 113 Pa. 519; Ry. Co. v. Gallagher, 108 Pa. 524; Biddle v. R. R. Co., 112 Pa. 551; Garrett v. People's R. Co., 64 Atl. Repr. 254; Danbeck v. N. J. Traction Co., 57 N. J. L. 463; Pueblo Electric St. R. R. Co. v. Sherman, 25 Col. 114; Wilton v. Middlesex R. R. Co., 107 Mass. 108.

OPINION BY ORLADY, J., October 13, 1913:

The trial of these cases in the court below resulted in a verdict in favor of Harry Geltzer for $1,500, and for Sam Geltzer the sum of $500. The only point submitted by the defendant, was that under all the evidence in the case the verdict must be for the defendant, and it was refused. The court in banc dismissed the defendant's motion for judgment non obstante veredicto. These questions are the only ones presented for our consideration in the two assignments of error.

The minor plaintiff was ten years of age when he received the injuries for which this verdict is intended to compensate him, and the testimony adduced in his favor may be fairly summarized as follows: He was on his way from school with other boys, and when passing a street car that was at a standstill, the conductor waved and called to him from the rear platform, and requested him to go to a fruit stand that was in view and get a few bananas for him. The boy received some money from the conductor, procured the bananas, returned to the car and delivered them to the conductor while both were on the rear platform, and while in the act of getting off the car it was quickly started by the motorman, and the

sudden jerk caused the boy to be thrown with considerable violence on to the street. His injuries were sufficiently grave to require his being taken to a hospital in a patrol wagon and kept there for some time.

The boy's testimony is fully corroborated by three eyewitnesses who were within a few feet of the car, and their attention was especially directed to the occurrence. Nor was there any controversy as to the sudden starting of the car. The motorman, called by the defendant, testified that when he got the bell from the conductor, to start the car, he did so as quickly as he could, and when he received the signal of three bells to stop he did so within the length of the car, which was about forty feet in length.

A vigorous defense was made by the defendant, and several witnesses were called who contradicted the plaintiff's witnesses as to every material fact. The testimony was extremely contradictory, and though the defendant moved for binding instructions in its favor, the learned trial judge felt that it should be submitted to the triers of fact and not be disposed of by the court, as a matter of law. After a review of all the testimony we see nothing in the case which would authorize the court to have taken from the jury, the questions of the defendant's negligence or lack of proof of it, or to hold, as contended for by the defendant, that the boy was in effect a trespasser, and was not relieved from the consequences of his act by his tender years, or further, to sustain the defendant's contention that because the boy placed himself in a position of danger to perform a request by the conductor in a matter which was outside the scope of the latter's employment, the defendant was not liable: West Phila. Pass. Railway Co. v. Gallagher, 108 Pa. 524; Biddle v. Railroad Co., 112 Pa. 551; Phila. Traction Co. v. Orbann, 119 Pa. 37; Barr v. Railway Co., 155 Pa. 170; Levin v. Traction Co., 201 Pa. 58; Trevethan v. R. R., 53 Pa. Superior Ct. 238.

Many authorities have held that it is the duty of the street railway conductor or motorman to refuse to per-

mit a child of tender years to be on a platform of a moving car, and if he gets there without permission through the oversight of the company's employee, it is the duty of the latter as soon as it is discovered to remove the child from its position of danger, and failure to do so is negligence. The boy could not in this case be held to be a trespasser as he was on the platform by the special invitation of the conductor, and at a time when his position was one of safety. Under the testimony of the motorman, the car was started on a signal given by the conductor, at a time when the boy was beside him on the platform in the act of getting off the car. The conductor had the right to expect that the car would be suddenly started, and took no means to prevent the boy from being suddenly thrown from the car.

The case is stronger than Sandford v. Railway Co., 153 Pa. 300, where a large verdict was sustained upon facts more favorable to the company, for the reason that this boy having been invited by the conductor to a safe place on the car and when he had full charge of the agencies which controlled it, he exercised them in so reckless and negligent a manner as to produce the accident.

The controlling facts in Flower v. Railroad Co., 69 Pa. 210, are so different from the ones before us that the legal principles therein announced are not in conflict with our conclusions. There, while a boy of tender years, at the invitation of a fireman was standing on the water tank of an engine, was thrown off "by some detached cars belonging to the train and without a brakeman, suddenly striking the car behind the tender and driving it forward six to ten feet; . . . the boy was not only where he had no right to be but where he had no right to protection."

The proximate cause of the accident in the Flower case was from a source independent of, and not known to or controlled by, the employer who had placed the boy in a hazardous position, while in the present case the boy was in a safe place by invitation of the con-

ductor, who had entire control of the situation, knew of the perilous position of the boy if the car would be suddenly started and, who willfully put in motion the agencies which produced the injuries. This verdict means that the proximate cause of this accident was the reckless starting of the car in disregard of the boy's safety. Eliminate from this case all consideration of the conductor's invitation, we then have a boy, ten · years of age, on the platform of the car with the conductor in a perfectly safe place and whether a trespasser or a licensee, whether there rightfully or without right, . did the company owe this child any duty? Flower v. Railroad, supra; Gillen v. Rowley, 134 Pa. 209; Wischam v. Richards, 136 Pa. 109; Artz v. Lit, 198 Pa. 519, and other like cases, were decided as they were, for the basic reason that the defendants did not owe any duty to the injured party. The Flower case has been frequently considered by the appellate courts of this and other states, but it has never been held to apply to a case where a duty was owed by the defendant. See Foster-Herbert Cut Stone Co. v. Pugh, 4 L. R. A. (N. S.) 805, and notes: McConnell v. Railroad Co., 223 Pa. 442.

It is a reasonable and necessary rule that a higher degree of care should be exercised towards a child incapable of using discretion commensurate with the perils of the situation, Bransom's Administrators v. Labrot, 50 Am. Rep. 193; Robinson v. Cone, 54 Am. Dec. 67, and there can be no doubt as to the rule in this state in regard to the duty of a railway company in dealing with a child of tender years when on the platform of a car. In Levin v. Traction Co., 194 Pa. 156, it was said, where "A child five years of age, got upon the step of the platform of the car, and while there, after the car was started was seen by the motorman, who knocked on the window, then kicked on the lower end of the closed side—the side next to the child—when the latter jumped off and fell. This was all the motorman did." The court below entered a compulsory nonsuit and in reversing

this judgment, the Supreme Court stated: "When the motorman discovered the boy on the platform of the car, it was his duty to stop and take him inside or put him off. The moment the child was seen, the car should have been stopped, and failure to stop it instantly became negligence." On the retrial of the case a verdict was recovered by the plaintiff and affirmed (Levin v. Traction Co., 201 Pa. 58), the Supreme Court saying: "The duty of the street railway company's conductor or motorman is to refuse to permit a child of five years to be on the platform of his moving car, and if he gets there without permission, through the oversight of the company's employees, the duty of the latter, as soon as it is discovered, is to remove it from its position of danger. Failure to do so is negligence." Which decision was followed in Saxton v. Pittsburg Railways Co., 219 Pa. 492; Walsh v. Pittsburg Railways Co., 221 Pa. 463, in which last case a child eight years old received injuries while "the plaintiff was on the private property of the defendant where she had no right to be. Its employees were not bound actively to care for her by keeping her off the lot or by protecting her after she had entered it from injury that might result from the condition of the property. The standard of duty in such a case is the same whether the person injured be an adult or a child: Thompson v. Railroad, 218 Pa. 444. There was, however, a duty not to injure her intentionally, or wantonly by any act to expose her to danger. Even trespassers are entitled to humane consideration: Barre v. Railway Co., 155 Pa. 170. If the man who started the motor knew at that time that the plaintiff was standing between the rails close to the frayed cable, which would touch her dress when in motion, and from his knowledge of the circumstances was conscious that she would be exposed to danger if the machinery was put in motion, a duty of care arose, as it would in the case of an engineer who sees a child on the track in front of his engine."

Applying the reasoning of these cases to the facts before us, we have the conductor, with full knowledge of the position of the child, and knowing that the sudden starting of the car would in all human probability jar him from the platform, give the signal to start the car, in willful disregard of his duty to exercise care according to the circumstances. Whether the conductor was conscious that his act exposed the child to danger was a question for the jury.

The child being of tender years and in a perilous position, it was the duty of the motorman to use the care that reasonable and prudent persons would exercise under the circumstances in attempting to cause him to alight from the moving car: Trevethan v. Railway Co., 53 Pa. Superior Ct. 238.

The assignments of error are overruled and the judgment is affirmed.

MORRISON and PORTER, JJ., dissent.