## Thomas et ux., Appellants, *v.* Southern Pennsylvania Traction Co.

*Negligence—Street railways—Infant—Trespasser—Pushing or frightening boy from moving street car—Proximate cause—Independent intervening cause—Anticipating probable consequence.*

1. Although a boy is a trespasser he cannot lawfully be forced from a moving vehicle by fright or otherwise, and this is especially true where he must land in the cartway of a city street.

2. If in a negligence case, it appears that defendant's negligence concurred with some other event (other than plaintiff's fault) to produce the injury, so that it clearly appears that but for such negligence, the injury would not have happened, and both circumstances are closely connected with the injury in the order of events the defendant is responsible, even though the negligent act was not the nearest cause in the order of time.

3. The fact that the injury was caused by the joint negligence of the defendant and a stranger, is no defense in such case.

4. Where a boy trespasser, eight years old, is forced or frightened from a moving street car by the conductor, and in jumping is immediately run down and killed by a passing automobile jitney, the jitney cannot be regarded as an independent intervening cause.

5. While a street car driver is not bound to anticipate so extraordinary an occurrence as a runaway team, the passage of an automobile over a paved street in a city is to be expected; this distinguishes the present case from Passenger Ry. v. Trich, 117 Pa. 390.

Argued February 7, 1921. Appeal, No. 107, Jan. T., 1921, by plaintiffs, from order of C. P. Delaware Co., March T., 1916, No. 485, refusing to take off nonsuit, in case of Frank Thomas et ux. v. Southern Pennsylvania Traction Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's son, a boy eight years of age. Before HAUSE, J., specially presiding.

The opinion of the Supreme Court states the facts.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiffs appealed.

1921.]    Assignment of Error—Opinion of the Court.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Harry R. Axelroth,* with him *Howard M. Lutz,* for appellant.—The case was for the jury: Wallace v. Automobile Co., 239 Pa. 110; Lake Shore, etc., Ry. v. Rosenzweig, 113 Pa. 519; Kennewig v. Ry., 239 Pa. 250; Koch v. Williamsport, 195 Pa. 489; Pittsburgh v. Grier, 22 Pa. 54; Chambers v. Carroll, 199 Pa. 371; Burrell Twp. v. Uncapher, 117 Pa. 353; Cameron v. Traction Co., 216 Pa. 191; Levin v. Traction Co., 201 Pa. 58; Saxton v. Rys., 219 Pa. 492; Biddle v. Ry., 112 Pa. 551; Barre v. Ry., 155 Pa. 170; Brennan v. Merchant, 205 Pa. 258; Hyman v. Tilton, 208 Pa. 641.

*John B. Hannum,* for appellee.—Where the facts in a case are undisputed the question of proximate cause is for the court: West Mahanoy Twp. v. Watson, 112 Pa. 574; 116 Pa. 344; S. S. Pass. Ry. v. Trich, 117 Pa. 390.

The boy was not injured by the act of the conductor but by being struck by an automobile over which defendant had no control, therefore, it was an independent intervening agency and was a consequence which could not have been foreseen by the conductor when he scared the boy off the step as probable or natural: S. S. Pass. Ry. v. Trich, 117 Pa. 390; Behling v. Pipe Lines, 160 Pa. 593.

OPINION BY MR. JUSTICE WALLING, March 28, 1921:

This suit is for the death of plaintiffs' minor son. Defendant has a single track electric railway along the center of Third Street in the city of Chester. The street is paved and in use for general traffic by automobiles and other vehicles. On the evening of May 28, 1915, plaintiffs' son, Gerald Thomas, eight years of age, jumped upon the rear step on the blind side of one of defendant's cars, to have a free ride, and supported himself by grasping the iron gate which separated the step from

the platform. While the car was in motion, the conductor struck the gate with his foot, or kicked it, ostensibly to frighten the boy off (at least it had that effect) and he jumped into the street, where he was struck and killed by an automobile jitney, which was moving rapidly in the opposite direction. The jitney was in full view when the boy left the car and struck him before he could clear its path.

This appeal by plaintiffs, from an order of the trial court refusing to take off a judgment of compulsory nonsuit, must be sustained. Although a boy is a trespasser he cannot lawfully be forced from a moving vehicle, by fright or otherwise (Petrowski v. Phila. & R. Ry. Co., 263 Pa. 531; Enright v. Railroad Co., 198 Pa. 166; Brennan v. Merchant & Co., Inc., 205 Pa. 258; Hyman v. Tilton, 208 Pa. 641; Levin v. Traction Co., 194 Pa. 156; Same v. Same, 201 Pa. 58; Pittsburgh, A. & M. Passenger Ry. Co. v. Caldwell, 74 Pa. 421), and this is emphatically true where he must land in the cartway of a city street. Here the conductor's behavior is aggravated by the fact that he was apparently attempting to force the boy from the car in disregard of traffic upon the street. The natural and probable consequence of such act, under the circumstances disclosed by the evidence, would be personal injury to the lad; hence, that act, rather than contact with the jitney, was the proximate cause of the accident. The principle is well stated in Shearman and Redfield on Negligence, section 10, as quoted with approval in Burrell Twp. v. Uncapher, 117 Pa. 353, 363, that, "Negligence, however, may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was

not the nearest cause in the order of time"; and see Southern Railway Co. v. Webb, 116 Ga. 152.

The fact that the injury was caused by the joint negligence of the defendant and a stranger is, of course, no defense (Burrell Twp. v. Uncapher, supra); therefore, if the jitney driver was also at fault, which does not clearly appear, it would be no excuse here. As the accident immediately followed the jump from the car, before the boy could reach a place of safety, the jitney cannot be regarded as an independent intervening cause. In Pass. Ry. Co. v. Trich, 117 Pa. 390, it is stated, in effect, that a street car driver is not bound to anticipate so extraordinary an occurrence as a runaway team, but the passage of an automobile over a paved street in a city is to be expected.

The case is relieved of the question of contributory negligence by the tender age of the deceased.

Our conclusions of course are based entirely upon plaintiffs' evidence.

The judgment is reversed with a procedendo.